50 385|
66a 396|

THOMAS TUCKER, Defendant in Error, *v.* THE PACIFIC RAILROAD COMPANY, Plaintiff in Error.

1. *Railroads — Damages — Delay — Locomotive, etc.*—In an action against a railroad company for damages, resulting from its delay in forwarding stock, it is no defense that the delay was caused by the lack on the part of the company of proper appliances for transportation.

### Error to Cooper Circuit Court.

*Draffin & Muir*, for defendant in error.

*Geo. E. Leighton*, for plaintiff in error.

The Boonville branch of the Pacific Railroad extends from Boonville to Tipton, a distance of twenty-six miles. It connects at Tipton with the main line of the road. Bunceton is a station on the branch, about ten miles north of Tipton. On the 13th of December, 1870, Thomas Tucker offered for shipment at Bunceton station five cars of hogs, which it may be conceded defendant agreed to receive and transport. When the train to Boonville passed north the conductor left word that he could not. take them, and on the return trip he did not take them to Tipton, the reason assigned being that the hogs were bedded with straw, and that the engine he was using, though ordinarily sufficient for all the usual business of the road, threw fire too much under a heavy load to make it safe to run with so much straw in open cars in the rear of the engine. On arrival at Tipton the division superintendent at Jefferson was informed, an engine was sent extra to Tipton, the hogs of plaintiff brought on an extra train to Tipton, an extra to Jefferson, an extra to St. Louis.

If the defendant had taken the hogs on the regular train, they would have arrived at Tipton, if on time, to connect with a train on the main line whose card time of arrival at St. Louis was one o'clock P. M., December 15th. This train, however, by delays (which the court refused to allow to be explained), did not arrive, in fact, until 4:30 P. M., after the close of the market for the day. The extra train which brought the plaintiff's stock arrived at 11 P. M., ten hours behind the card time of the regular train, and six and a half hours after its arrival, in fact.

Tucker v. The Pacific Railroad Company.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a contract of affreightment, whereby the defendant, at the town of Bunceton, received a quantity of hogs belonging to plaintiff on its cars, and agreed to deliver them at St. Louis in a reasonable time. The plaintiff gave evidence conducing to prove that the hogs were not delivered in due time, and that, if the hogs had been delivered in time, they would have brought more in the market by twenty cents on the hundred pounds than when actually delivered, and that by the delay the hogs had shrunk in weight.

The defendant offered to prove that the delay was owing to the fact that they had not on hand at the place of shipment a proper locomotive; that the one that was there was made to burn coal and they were using wood on it, and it would have set the cars on fire if used to move the hogs; and offered to prove that as soon as they could get a proper locomotive to the place, the hogs were moved and delivered at St. Louis. All this evidence, consisting of depositions and oral testimony, was rejected by the court.

The court then instructed the jury, at the instance of the plaintiff, to the effect that when the defendant made the contract and received the hogs it was its duty to have ready the proper machinery, etc., to carry the hogs without unnecessary delay to the place of destination, and that the want of proper machinery was no excuse, and the court refused to give counter instructions asked by the defendant. The court also instructed that the measure of damages was the difference in the price of hogs when they ought to have been delivered and when they were actually delivered at the place of destination, and the shrinkage occasioned by the delay.

The jury found a verdict for the plaintiff, and the defendant filed a motion to set it aside, which was overruled.

I have examined this record with care, and can see no fault in any of the rulings of the Circuit Court. When a common carrier like this railroad company receives freight on board of its cars to forward, it becomes its duty to send it without delay. It was its duty to look to its machinery, to see if it was in proper

condition, before the reception of the freight. After receiving the hogs on its cars and agreeing to send them forward, it was too late to look after machinery. It was the duty of the company to have the necessary machinery in readiness before the reception of the hogs.

Let the judgment be affirmed. The other judges concur.