THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
v. FRED ORTON.
No. 13,274. (73 Pac. 63.)

Error from Neosho district court; L. STILLWELL, judge. Opinion filed July 10, 1903. Reversed.

*T. N. Sedgwick,* for plaintiff in error.
*W. R. Cline,* and *H. P. Farrelly,* for defendant in error.

*Per Curiam:* This was an action by Fred Orton to recover for injuries sustained while he was riding on an excursion train. The cars were greatly crowded, the seats were occupied, and many were standing in the aisles. Orton passed through the train, looking for a seat, and finding none he stopped in the door of a car, and while standing there a cinder struck him in the eye, causing a severe injury. The verdict was in favor of Orton, but the jury found that the engine of the train was in good repair and was supplied with the best-known appliances to prevent the escape of cinders; that the engineer in charge was both competent and skilful, and so was the fireman; and that the engine was being properly and skilfully managed and operated at the time the injury occurred. The findings, therefore, acquit the company of all negligence as to the construction of the locomotive and its management and operation.

The only other charge of negligence was in failing to keep closed the door of the coach wherein the plaintiff was riding. The rules of the company, it is true, required that

the doors be kept closed; but the opening and closing of the doors and windows of cars are not fully within the control of the company or its employees. Passengers pass from one coach to another, and hence the doors are frequently opened; they are also frequently opened by passengers for purposes of ventilation. The mere fact that a cinder comes in at a door or window and strikes a passenger is not evidence of negligence. Cinders come into cars and into contact with passengers, whether they are sitting or standing. Orton might have been struck as readily if he had been occupying an end seat as when standing. As the appliances were of the best and the operation and management proper and skilful, the presumption of negligence does not obtain in favor of the passenger as it otherwise might have done. In view of the excellent condition and skilful operation of the locomotive, the company was no more responsible for the accident than if the cinder had come from a steam thrasher operated in proximity to the railroad. From the record, we cannot say that there was such proof as warranted a finding of culpable negligence with respect to the open door. For that reason we are of the opinion that the motion for a new trial should have been sustained, and therefore the judgment will be reversed and the cause remanded for further proceedings.