## S. H. McCRARY, Respondent, v. CHICAGO & ALTON RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, November 7, 1904.**

1. **COMMON CARRIERS: Delayed Shipment: Prima Facie Case: Negligence.** Mere delay in a shipment does not make a prima facie case of negligence, but when an engine fails to perform the duties assigned to it without unforseen or sudden cause, it may be considered unserviceable or overloaded.

2. ———: ———: **Evidence: Damages.** While a witness may not state values, yet, where the damage consists of loss of weight in cattle arising from delayed shipment, the witness may state the amount of damage.

3. **EVIDENCE: Market Value: Opinion of Witness.** The market at a given time and place is a matter of public notoriety and the knowledge derived from actual sales is not a test of the witness's capacity where he has by other means become acquainted with the market prices, but his want of knowledge of actual sales may be shown as affecting the weight of his testimony.

4. ———: **Account of Sales: Witness's Knowledge.** Where the plaintiff as a witness states that an account of sales rendered to him was correct from his knowledge at the time of the sale, the admission of such an account is not of such substantial consequence as to warrant the interference with the judgment where plaintiff's testimony is uncontradicted.

Appeal from Howard Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*Scarritt, Griffith & Jones* for appellant.

(1) The allegation of the petition and plaintiff's instructions as to negligence on the part of defendant are not supported by proof. Milling Co. v. Transit Co., 122 Mo. 258; Feary v. Railroad, 162 Mo. 96. (2) The court erred in the admission of incompetent and illegal testimony over defendant's objection. King v. Railroad, 98 Mo. 236; Madden v. Railroad, 50 Mo. App. 666; Lawson on Expert and Opinion Evidence, p. 23; Railroad v. Cobb, 72 Ill. 148; Helm v. Railroad, 98 Mo. App. 419. (3) Plaintiff's failure to give the notice required in his contract of shipment should work a reversal of this case. Rice v. Railroad, 63 Mo. 319; McBeath v. Railroad, 20 Mo. App. 447; Ward v. Railroad, 158 Mo. 226; Railroad v. Crittenden, 4 Kan. App. 512 (44 P. 1000).

*Samuel C. Major* for respondent.

(1) The court was correct and did right in refusing defendant's demurrer. Sloop v. Railroad, 93 Mo. App. 605; Tucker v. Railroad, 50 Mo. 385. (2) The defendant was bound to use due diligence and to carry and deliver the cattle in a reasonable time. Tucker v. Railroad, 50 Mo. 385; Clark v. Railroad, 39 Mo. 185; Rankin et al. v. Railroad, 55 Mo. 167; Dawson v. Railroad, 79 Mo. 296; Sloop v. Railroad, 93 Mo. App. 605. (3) When a common carrier undertakes to transport beef cattle or fat cattle to market it must be held to have undertaken a business which calls for diligence and despatch commensurate with the trust it has accepted. Leonard v. Railroad, 54 Mo. App. 293; Sloop v. Railroad, 93 Mo. App. 605; Tucker v. Railroad, 50 Mo. 385. (4) What is a reasonable time is a mixed question of law and fact, which under proper instructions should go to the jury, unless the evidence is uncontroverted leaving no question for the jury. Skeen v.

Thresher Co., 34 Mo. App. 485 and cases there cited; Sloop v. Railroad, 93 Mo. App. 605; Tucker v. Railroad, 50 Mo. 385. (5) The instructions as given by the court correctly declared the law, and the evidence supports the verdict of the jury and judgment of the court. Authorities above cited.

ELLISON, J.—This action was instituted to recover damages for an alleged negligent delay in the shipment of a lot of beef cattle over defendant's road from Higbee, Mo., to Chicago, Illinois. The judgment was for the plaintiff in the trial court.

A general statement of plaintiff's complaint is that his cattle were shipped to the Chicago market on the 30th of August at about 5 o'clock in the morning and that they should have arrived in Chicago in the early morning of the next day. That a reasonable time to make such trip was about 23 hours and that that was the time customarily taken. But that defendant negligently delayed the cattle on the way several hours, so that they arrived in Chicago at about the close of that day's market whereby plaintiff suffered damage from a decline in the market and an undue shrinkage in weight.

The defendant contends that plaintiff made no showing of negligence; that the only proof offered was a delay of several hours longer than the trip customarily took. It is true that in a case of this kind a mere showing of a delivery of the stock and a delay in arrival at destination will not make out plaintiff's charge of negligence, since the delay may have been unavoidable and hence not negligent. The burden is on the plaintiff. [Stanard Mill v. Transit Co., 122 Mo. 258, 275.] And it does not shift to defendant on a showing of delay, unless there be also something shown to characterize the delay.

But in this case plaintiff went further than showing a delay. He showed several delays of several hours

each, at least two of these occasioned by a defective engine which was used to pull the train. Finally, a different engine was procured, involving much delay, when the trip was then expeditiously finished. Defendant meets this by the statement in argument grounded on an admission of plaintiff that the train crew worked faithfully to put the engine in order. Such admission does not tend to show that the engine was not an improper one. We are satisfied that the showing made by plaintiff was sufficient to entitle him to a prima facie case. [Tucker v. Railroad, 50 Mo. 385; Leonard v. Railroad, 54 Mo. App. 293.] If it is shown that an engine fails to perform a duty assigned to it by the carrier without any unforeseen or sudden cause, it ought to be considered either that it was an unserviceable engine, or else had been overloaded. It would not be reasonable to require the shipper to summons experts and go into the detail of just where the defect was and how such defect would operate against the proper power of the engine.

Objection is made that the court should not have allowed plaintiff to state what was a reasonable time for the trip between the points of shipment. Plaintiff was shown to be a shipper of large experience and for several years had shipped between the same points over defendant's road. On such foundation it was proper to allow him to state a reasonable time.

Defendant's next objection is that plaintiff was permitted to state the amount of his damage. It is a well-understood general proposition that a witness should not state values and especially not state the amount of damage. The reason of the rule is that the witness substitutes his judgment for that of the jury and thus usurps the functions of the latter. He states a conclusion that ought only to be stated in the verdict. [Spencer v. Railroad, 120 Mo. 154.] But there are exceptions. Thus he may state the market value of grain, or of a horse, or of land. In these, and like in-

stances, he is not stating a conclusion, but rather a fact. In instances where the value of an article of property is necessarily the damage done, such value is the measure of his damage and his answer to one question would be (save in exceptional cases) an answer to the other. Thus, a horse's market value is a fact, and though that value may be influenced by opinion and judgment of the witness based on various considerations, yet they are matters which may be brought out and the jury thus aided in determining what consideration to give the testimony. If the horse be lost to the owner, the damage is, ordinarily, the value. In this case the different market values per pound of different classes of cattle, the condition of the cattle from fatigue, the amount of pounds lost by unusual shrinkage, were all matters of fact to be stated by the witness. The damage in this respect was a certain fact and not a matter of conclusion in the sense of the legal objection thereto. We, therefore, do not consider the question asked the witness to state the amount of his damage as improper. [Railway Co. v. Stock Yards, 120 Mo. 541; Railway Co. v. Calkins, 90 Mo. 538; Railway Co. v De Lissa. 103 Mo. 125.]

Defendant also objected to plaintiff's stating what the market for cattle in Chicago was on that day. We think the evidence admissible. Plaintiff was there and became acquainted with the market. He did not have to be present at each sale in order to know what it was. In the sense of legal evidence his knowledge was not hearsay, as defendant contends. He made sales himself on that day and became aware that it was less than the sales at other times of the same day in much the same way that persons become possessed of knowledge of things with which they have not come in personal contact. The market was a matter of public notoriety. Plaintiff was shown to be a shipper to that market and while he was not present all of the day he was at the latter part, and he became acquainted with the day's

market.   He stated, in terms, that he knew what the market was for that day.   Knowledge of a witness derived from actual sales is not a test of competency, though it may affect the weight to be given his testimony.   [Davis v. Railroad, 170 Ill. 595, 601; Whitney v. Thacher, 117 Mass. 523; Alfonso v. United States, 2 Story 421, 426; Noonan v. Isley, 22 Wis. 27; "Cliquot's Champagne," 3 Wall. 114.]   In Lush v. Druse, 4 Wend. 317, the court went so far as to say that proof of the value of wheat at a certain time and place could be made "by a witness who had inquired of merchants dealing in the article and examined their books.   This, uncontradicted, was sufficient."   Defendant was free to cross-examine the witness and thus show to the jury how much weight or credit they should give him; but it had no ground of objection on the score of competency.

The account of the sale of the cattle rendered by the defendant's commission agents were referred to by plaintiff and pronounced by him to be correct.   He was present at the sale and knew of what he spoke, thus making a difference from the authority cited by defendant.   But defendant urged that the account of sale itself should not have been admitted.   We can not conceive of any harm resulting to defendant.   There was no contradiction to plaintiff's testimony on that head and the mere letting in of the account of sale on so formal and undisputed a matter was of no substantial consequence.

We do not regard that there was anything in the case upon which defendant could properly object on account of the want of notice.   On the whole record we are satisfied that the judgment should be affirmed.

All concur.