BATTE *v*. ST. LOUIS SOUTHWESTERN RAILWAY Co.

Opinion delivered December 22, 1917.

1. RAILROADS—DUTY TO SCREEN WINDOWS—ESCAPE OF CINDERS—DUTY
   TO KEEP ENGINE IN REPAIR.—A railroad company is under no
   duty to screen its windows to prevent cinders coming into its
   cars, and causing injury to its passengers; but it is its duty to
   keep its engines in good repair and to see that they are supplied
   with the best known appliances to prevent the escape of cinders,
   and where a passenger's eye was injured by a cinder blowing into
   it through an open window, it is the duty of the railway to see

that its engines were properly operated, and that such was the case at the time the injury occurred.

2.  RAILROADS—FLYING CINDER—INJURY TO PASSENGER.—A passenger, under Kirby's Digest, § 6773, makes out a *prima facie* case of negligence against a railway company, where he shows that a cinder from its locomotive engine blew through an open window in its car, on which plaintiff was a passenger, and lodging in his eye, inflicted an injury. It is then the duty of the railroad company, if it would escape liability, to show that its engine was supplied with the best known appliances to prevent the escape of cinders, that said appliances had been duly inspected, and were in good repair at the time plaintiff received his injury, and that its engine was being properly and skillfully managed and operated at the time the injury occurred.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; reversed.

*J. M. Carter,* for appellant.

1. It was error to direct a verdict for defendant. Having shown that he was injured by the operation of the train, under Kirby's Digest, section 6773, plaintiff was entitled to recover. 73 Ark. 552; 121 *Id.* 359; 75 *Id.* 479; 101 *Id.* 117.

2. Negligence was proven in failing to screen the car windows. 92 Ark. 432; 102 U. S. 451; 115 Ark. 269; 119 *Id.* 252; 114 *Id.* 146.

*Daniel Upthegrove, J. R. Turney* and *Gaughan & Sifford,* for appellee.

Screens were not required by the statutes of this State, and failure to screen was not negligence. 92 Ark. 432. The engine was provided with suitable and proper spark arresters and screens. 110 S. W. 248. No case for a jury was made and a verdict was properly directed. Some sparks will come through the most approved screens. *Ib.*

HART, J. This was an action brought by J. R. Batte against the St. Louis Southwestern Railway Company for damages growing out of an injury to his eye inflicted by a cinder from the locomotive of one of its passenger trains on which the plaintiff was a passenger.

Some time in September, 1916, J. R. Batte and his son boarded one of the defendant's passenger trains at Spirit Lake, Arkansas, for Texarkana, Arkansas. The train was going west. They paid their fares and took a seat in the smoking car facing the way the train was going. The plaintiff sat next to the aisle and his son next to the wall on his left. The window at the end of their seat was closed but the one at the end of the seat in front of them was up. The windows in the car were not screened. Just before they got to Texarkana, the plaintiff felt something blow in his eye. It struck pretty hard and caused him severe pain. A physician was called to examine his eye and removed therefrom a foreign substance imbedded in the ball of the eye immediately over the sight, about the size of a small pin head. It looked like a coal cinder. The eye had the appearance around the place where the cinder was found imbedded in it of having been burnt as from the heat of the cinder. The plaintiff's eye was badly damaged from the cinder striking it and becoming imbedded in it.

It was shown on the part of the railroad company that its engines burned coal in making steam; that the draught of the engine blows out coal cinders; that there is a screen or net work or wire from the exhausts for the purpose of preventing cinders from being blown out; that the meshes of this net are some smaller than a lead pencil; that the screens are to prevent the throwing out of cinders and fire; that if the meshes of these screens were small enough to prevent any cinders from being thrown out that there would not be draught enough in the engine to make steam; that all of the defendant's passenger engines burn coal and the engines have nets in the smoke stacks to keep them from throwing sparks.

It was also shown on the part of the plaintiff that the windows of the car could have been screened with little cost without in any way interfering with the service of the cars; that the screens could have been put in on the outside of the windows without interfering in the least with raising them.

At the conclusion of the evidence the court instructed a verdict for the defendant company, and from the judgment rendered the plaintiff has appealed.

The Legislature of 1913 passed an act requiring railway companies operating passenger trains in this State to keep their cars screened at certain times. Acts of 1913, page 152. This act was repealed by the Legislature of 1915. Acts of 1915, Act 243, p. 903.

The injury to the plaintiff was received in September, 1916, so that it will be seen the railroad company was not in violation of any statute for failing to place screens on the windows of its passenger coaches.

(1) It was the contention of the plaintiff that the defendant company was guilty of negligence in failing to screen its car windows to protect its passengers from injuries like the one inflicted in this case. We do not agree with counsel in this contention. It was the duty of the defendant company to keep its engines in good repair and see that they were supplied with the best known appliances to prevent the escape of cinders. It was also its duty to see that its engines were properly operated and that such was the case at the time the injury occurred. *Missouri K. & T. Ry. Co.* v. *Orton* (Kan.), 73 Pac. 63.

(2) The undisputed evidence in the present case shows that the company was not negligent in the construction of the nets in the smoke stack of its locomotive. The undisputed evidence, however, does not acquit the company of negligence in the management and operation of its engine or in inspecting and keeping in repair the network in the smoke stack. Section 6773 of Kirby's Digest provides that all railroads operating in whole or in part in this State shall be responsible for all damages caused by the running of trains in this State. The railroad did not go far enough in this case to overcome by the undisputed evidence the *prima facie* case made out in favor of the plaintiff under this statute. It should not only have shown that the engine of the train was supplied with the best known appliances to prevent the escape of cinders, but it should also have shown that the

appliances had been duly inspected and were in good repair at the time the plaintiff received his injuries. It should also have been shown that its engine was being properly and skillfully managed and operated at the time the injury occurred.

It is true the evidence shows that cinders of the size of the one in question could come through screens of the most approved pattern in use; but it is equally true that many more such cinders would escape if the net or screen was torn or if the engine was not operated in a skillful manner. The burden being upon the defendant to overcome the *prima facie* case for the plaintiff under the statute, it follows that the court erred in directing a verdict for the defendant. For that error the judgment will be reversed and the cause remanded for a new trial.

SMITH, J., dissents.