## J. H. MALONE, Respondent, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Appellant.

**Springfield Court of Appeals, June 19, 1919.**

1. **CARRIERS**: Injuries to Passengers. In railroad passengers complaint for personal injury only general allegations of negligence are required.

2. ———: ———: Presumption: Burden of Proof. Where plaintiff railroad passenger proves an accident and resulting personal injury, a presumption of negligence arises, and defendant has burden of rebutting such inference.

3. **EVIDENCE**: Burden of Proof. When one party has burden of proof, the evidence produced by the other may lift or lighten the load.

4. **CARRIERS**: Injury to Passengers: Pleading and Proof. If a railroad passenger alleges injury because of specific acts of negligence, plaintiff must assume burden of proof and prove such specific negligence.

5. ———: ———: Petition. Allegations that plaintiff passenger was injured by à cinder from a passing locomotive hitting his eye, due to defendant's negligence, *held* to plead negligence generally, and not specifically.

6. ———: ———: Flying Cinders: Negligence. A railroad was not negligent in failing to screen passenger coach windows to prevent cinders from injuring a passenger.

7. ———: ———: **Presumption.** Where plaintiff passenger, sitting near coach window, was injured by a cinder from locomotive on another track, defendant railroad was presumptively negligent, and has burden of showing contrary.

8. ———: ———: **Evidence.** Evidence *held* to sustain finding that cinder which injured plaintiff passenger came from defendant's locomotive, which was passing on another track.

9. **APPEAL AND ERROR:** **Reversible Error:** **Instructions.** That appellant secured an instruction which was too favorable to it, and which conflicted with another instruction, is not reversible error.

10. **TRIAL:** Instructions: **Definition . of Term.** In passenger's personal injury action it is not erroneous to use the words "negligence" without defining it.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*W. F. Evans, W. J. Orr, H. D. Green* and *W. N. Evans* for appellant.

*J. L. Bess* for respondent.

STURGIS, P. J.—The plaintiff sues for injuries received while a passenger on one of defendant's trains by being struck in the eye by a piece of coal or cinder. The train on which he was riding stopped at Thayer, Missouri, on a side track. Plaintiff was sitting by an open window and when another train or engine was passing turned to look out the window and was suddenly and violently struck in the eye by the coal cinder coming through this window. The defendant appeals from an adverse judgment.

The first point raised is that the plaintiff must fail in that the petition counts on specific negligence, to-wit, the excessive speed of the passing train and the evidence does not support such ground of negligence. The defendant seems to concede, and such is clearly the law, that in this class of cases, involving liability for accidents where the relation of carrier and passenger ex-

ists, only general allegations of negligence are required. [Hamilton v. Railroad, 114 Mo. App. 504, 509, 89 S. W. 893; Roscoe v. Metropolitan St. R., Co., 202 Mo. 576, 587, 101 S. W. 32; Orcutt v. Century Bldg. Co., 201 Mo. 424, 99 S. W. 1062.]

In such cases when the plaintiff shows the accident and injury a presumption of negligence arises and the burden is cast on defendant to rebut such inference of negligence and to show that the injury was not occasioned by its negligence. [Sweeney v. Kansas City Cable Ry. Co., 150 Mo. 385, 51 S. W. 682; Roscoe v. Metropolitan St. R. Co., 202 Mo. 576, 101 S. W. 32.]

It should be noted, however, that in all cases where the burden of proof is on one party the evidence produced by the other party may lift or lighten the load. It is also true that if in such cases the plaintiff does allege specific grounds of negligence then he must try the case in the ordinary way, must prove the negligence alleged, must carry the burden of proof and recover if at all only by proof of such specific negligence. [Orcutt v. Century Bldg. Co., 201 Mo. 424, 443, 99 S. W. 1062; Hite v. Metropolitan St. Ry. Co., 130 Mo. 132, 31 S. W. 262, 32 S. W. 33; Gardner v. Metropolitan St. R. Co., 223 Mo. 389, 122 S. W. 1068.]

We think, however, that on a fair construction of plaintiff's petition he has not been thus caught in his own trap. The petition after alleging that plaintiff became a passenger on this train proceeds thus:

"And that while said train was so standing on the track of defendant, at the said station of Thayer, in the early morning of the 28th day of October, 1917, another locomotive passed at a high rate of speed, the same coming from the opposite direction from that being traveled by plaintiff, and that by reason of the negligence and carelessness of the employees, agents and servants of defendant, in so operating such locomotive and insufficient screens on windows of its cars and defective condition of its appliances and machinery, the true nature and extent of which is to the plaintiff

unknown, a large cinder, clinker and hard substance was violently thrown from the said passing locomotive with great force and into the car in which plaintiff was then and there a passenger as aforesaid, and which said cinder, clinker and hard substance then and there struck plaintiff about the left eye, inflicting a serious wound, causing intense pain, impairing his sight and resulting in permanent injury thereto; that said injury was in nowise the result of neglect on part of plaintiff, but was solely due to the negligence and carelessness of defendant in failing to provide the very high degree of care and vigilance for the prevention of injuries to its passengers such as it was its duty to do.''

As to the insufficient screens on the car window the plaintiff proved that the window was without screens but the court instructed, and properly so, that it was not negligence for defendant to fail to screen passenger coach windows. [Irwin v. Louisville & N. R. Co. (Ala.), 50 So. 62; Missouri, K. & T. Ry. Co. v. Orton (Kas.), 73 Pac. 63.]

Leaving out this specification of negligence or rather treating is as a fact pleaded and proven but not constituting negligence in itself, the petition merely alleges that, while defendant's passenger train in which plaintiff was sitting by an open window was standing on the track at this station, another locomotive passed at a high rate of speed and a large cinder or clinker was violently thrown from such passing locomotive into the car in which he was a passenger, striking him in the eye and inflicting the injury for which he sues, and that this was caused by the negligence and carelessness of the employees, agents and servants of defendant in *so* operating such locomotive and by the defective condition of the appliances and machinery, the true nature and extent of which is to plaintiff unknown; that such injury was not due to any negligence of plaintiff but was due to defendant's negligence and carelessness in failing to exercise the high degree of care due from carriers to passengers. The defendant lays much stress on the

words "so operating" the locomotive and says it is limited to the "high rate of speed" previously mentioned and thus constructs a specific allegation of excessive speed as causing the injury. We think, however, that the petition does no more than state the facts which are within the plaintiff's knowledge, to-wit, that while he was a passenger on defendant's train standing at a station another train passed by at a high rate of speed and a large cinder from such passing engine was thrown violently through the open window and struck him in the eye inflicting injury, and then further alleges, what the law presumes in such cases, that this was due to defendant's negligence in operating such passing engine or to some defect in the machinery or appliances, and that defendant has failed to exercise the high degree of care for his safety which the law imposes. As said in Gurley v. The Mo. Pac. Ry. Co., 93 Mo. 445, 451:

"Of course the statement of the matters of inducement, the surroundings and situation of the parties, need not be coupled with an allegation of negligence."

The negligence in "so operating" the engine refers to its operation in general while passing the passenger coach and not that the speed alone caused the cinder to fly off and strike plaintiff. We are satisfied that the defendant did no so understand the petition and the case was not tried on any such theory.

Defendant's demurrer to the evidence raises the question of whether the facts pleaded and proven are sufficient to raise the presumption of negligence as between passenger and carrier. This question is not briefed by either party and we are left to our own investigation. All that plaintiff was able to show is that he was sitting next to an open window while the train was standing on the side track at the station of Thayer; that it was after midnight and another train or engine passed on the main track going some fifteen to twenty miles per hour; that just as the engine passed the window plaintiff turned to look in that direction, but not putting his head out of the window, and something.

struck him violently in the left eye. The missile dropped in his lap and was picked up and preserved by plaintiff. It is described as a hot coal cinder or clinker more than an inch in length and breadth. Plaintiff's eye was bruised, burned and bloodshot and there is no question but that plaintiff was struck violently by this cinder being thrown violently through the window from the direction of and just as the other engine passed. The proximity and position of the passing engine strongly negatives the possibility of its coming from any other source. An experienced railroad man in the same coach and near plaintiff at the time of his injury and who saw everything except the missile coming through the window, testified without objection that in his opinion the clinker or cinder came from the passing engine. There is some uncertainty as to the exact date of this accident but by the evidence of the defendant's train dispatcher no other train or engine was at Thayer except a switch engine, though no explanation is given why this passenger train took the side track to allow a switch engine to pass on the main line. The engine inspector and others testified that this switch engine and defendant's engines generally were equipped with spark arresters which prevented cinders larger than one-third inch from passing out the smoke stack. It was also shown that it was quite improbable that a cinder thrown from the smokestack to a height of at least fifteen to twenty feet could fall into the narrow space of about four feet between the passenger coach and the passing engine and enter the window so as to strike the eye of a passenger sitting in a seat. However unaccountable and mysterious it may seem, the fact, is, however, that this missile was hurled through this open window and everything points to the passing engine as its origin. Under such facts does the presumption arise that the injury is due to defendant's negligence thereby casting the burden of proof on defendant to show the contrary? We think the authorities so hold, the jury

being required to first find that the missile was thrown from or by the passing engine.

4 Elliott on Railroads, sec. 1644, says: "So, where a missile came through the window and struck a passenger, *and. there was no showing as to where it came. from,* it was held that there was no presumption of negligence on the part of the company."

The first case there cited, Pennsylvania R. Co. v. McKinney, 124 Pa. St. 462, 17 Atl. 14, 2 L. R. A. 820, is almost exactly in point on the facts and the court held that there was a case for the jury, it being first required to find that the missle striking plaintiff came from the passing engine' and not some outside source. The court said:

"When a passenger is injured by an accident connected with the means or appliances of transportation, there naturally arises a presumption that it must have resulted from some negligent act of omission or commission of the company or some of its employees; because, without some such negligence, it is very improbable that the accident would have occurred. . . .

If the case had been submitted to the jury on the evidence and they had found therefrom that the plaintiff's injury resulted from something connected with the operation of the railroad, and not from something entirely disconnected therewith, and with which neither the company nor its employees had anything whatever to do, that would have raised prima facie a presumption of negligence on the part of the company and thrown upon it the burden of proving that it did not exist."

In the other case cited, Thomas v. Railroad, 148 Pa. St. 180, 23 Atl. 989, 15 L. R. A. 416, the court held there was no presumption of negligence where a passenger was injured in a similar way but there was nothing to show that the missile causing the injury was thrown from or by defendant's engine or other appliances of transportation. The court there stated the law thus:

"The rule appears to be that where a passenger is injured either by anything done or omitted by the

carrier, its employees, or anything connected with the appliances of transportation, the burden of proof is upon the carrier to show that such injury was in no way the result of its negligence. [See Woas v. St. Louis Transit Co., 198 Mo. 664, 96 S. W. 1017.]

The law is stated in Hutchinson on Carriers, secs. 1413 and 1414, thus: "Whenever it appears that an accident from which the passenger has received an injury was connected with the means or the instrumentalities used in the transportation, a prima-facie presumption will at once arise, founded upon the probability that if the utmost care, skill and diligence had been exercised the accident would not have happened, that it was occasioned by the carrier's negligence. The burden of proof will consequently be upon the carrier to show that he was not at fault. . . . So where it is shown that the injury was caused by a spark from one of the company's locomotives, or by a block of coal which was thrown from the tender of an engine while it was passing the depot platform, or by the explosion of a locomotive boiler, the law will presume from the mere happening of the injury that the company was guilty of negligence." [See, also, on the distinction, 5 R. C. L., sec. 716.]

It is held in Irwin v. Louisville & N. R. Co. (Ala.), 50 So. 62, that there is no liability where a passenger is injured by a missile thrown through a window by a *third party* not connected with the carrier. In Texarkana & Ft. S. Ry. Co. v. O'Kelleher, 51 Southwestern 54, it is held that where a person was injured by a hot cinder striking his eye and that such cinder was too large to have escaped through the spark arrester of the passing engine, this is evidence of a negligence defect. In Louisville & N. R. Co. v. Reynolds (Ky.), 71 S. W. 516, the court held that a presumption of negligence on the part of the carrier arose from proof that a piece of coal was thrown from the tender of a passing engine striking and injuring a passenger on the station platform. In Texas Midland R. Co. v. Jumper (Tex.), 60

S. W. 797, it is held that where plaintiff, a passenger, carries the burden of showing that he was injured by a cinder escaping from defendant's engine then the presumption of negligence arises and the burden is on defendant to show not only proper equipment and appliances but "that there was no negligence in the operation of the train." The case of Spencer v. Chicago, M. & St. P. Ry. Co. (Wis.), 81 N. W. 407, is a curious case in that a woman passenger sitting by an open window of a passenger coach nearly or quite asleep was struck by a stream of dirty water injuring her ear and doubtless causing much mental pain and anguish. The court held that the mere proof of injury to a passenger was not enough but "the evidence must go further and tend in some tangible way to show that the accident resulted from something connected with the operation of the railroad." The court in effect held that if there was any substantial evidence that the water came from defendant's water tank then there would be liability unless negligence was disproved but no such evidence was produced. The case of Missouri, K. & T. Ry. Co. v. Orton (Kas.), 73 Pac. 63, holds that where a passenger is injured by a cinder escaping from the engine the jury may acquit the defendant of liability by finding that there was no negligence as to the construction and equipment of the locomotive and as to its management and operation. Under these authorities, therefore, we must hold that there was sufficient evidence in this case to warrant a finding that plaintiff, a passenger, was injured by a coal cinder coming from the defendant's engine; that this cast on the defendant the burden of disproving negligence both as to the equipment and appliances and in the management and operation of such engine by its agents and servants. We do not think that the evidence offered by defendant is conclusive in its favor in this respect. The court properly overruled defendant's demurrer to the evidence. In so holding we agree that the carrier is not an insurer of the safety of the passenger; that its liability

202 M. A.

depends on negligence which plaintiff must prove; that the mere fact that a passenger is injured does not raise the presumption of negligence; but that when a passenger is injured and the injury is shown to be connected with the appliance of transportation then the proof is sufficient to raise the presumption of negligence and this must be rebutted by the carrier in order to escape liability.

With the doctrine of *res ipsa loquitur* in the case and the burden on the defendant to prove that there was no negligence on its part in connection with this injury, much of the criticism of the instructions given fall to the ground. The defendant secured an instruction telling the jury that there is no evidence of any defective machinery. By this defendant evidently intended to include appliances and, so reading it, the instruction is too favorable to defendant as we have held that defendant's evidence does not conclusively negative negligence as to defective appliances. That this instruction is conflicting with one given for defendant, permitting the jury to find that the injury was the result of defective machinery or equipment which caused the cinder to be thrown and plaintiff to be injured, is an error in defendant's favor.

Nor is plaintiff's first instruction error under the facts of this case in predicating liability on a finding that plaintiff, a passenger, was injured by a cinder and that such injury was due to the carelessness and negligence of defendant, its agents and servants. It is not error to use the word "negligence" in an instruction without defining same, Sweeney v. Kansas City Cable Ry. Co., 50 Mo. 385, 401, 51 S. W. 682, though defendant might properly have asked an instruction defining it and limiting its scope. This was not done. A finding for plaintiff under either of the instructions mentioned necessarily includes a finding that the cinder in question came from defendant's passing engine, an instrumentality under its control and operated by its servants, and in such case the facts themselves warrant

a finding of negligence· unless the evidence conclusively shows the contrary. The result is that. the judgment is affirmed. *Bradley* and *Farrington, JJ.,* concur.