MISSOURI PACIFIC RAILROAD COMPANY *v.* RANCE.

4-4259

Opinion delivered April 6, 1936.

*R. E. Wiley* and *Richard M. Ryan,* for appellant.
*Glover & Glover,* for appellee.

McHaney, J. Appellee recovered a judgment against appellant in the sum of $1,000 for the loss of an eye, which, as he alleges, was caused by being struck in the eye by a hot cinder, thrown from a passing locomotive engine with a defective spark arrester. On or about October 10, 1932, appellee was in the employ of appellant as a laborer, and was living in a box car furnished by appellant at a rental of $2 per month, on a passing track at Gifford. At about 4:30 P. M., after his day's work was done, he left his box car home to get a bucket of coal from a tank car nearby, and, as he was returning with the coal, a freight train passed him going south which was throwing quantities of cinders on and about him, one of which struck him in his eye, causing such an injury as finally necessitated its removal.

For a reversal of the judgment against it, appellant first says the court erred in refusing its request for a directed verdict in its favor. This argument is based on the testimony of its dispatcher that he kept a record of the running of all trains between Little Rock and Texarkana, and that no train, freight or passenger, passed through Gifford going south between 1 P. M. and 7:30 P. M. on October 10, 1932, and therefore there was no train going south from 4 to 4:30 P. M. on said date. The fallacy of this argument is that appellee did not testify definitely he received his injury on October 10. He said it was about that time, but did not remember the exact date. A number of witnesses testified to his receiving an injury to his eye at about that time, some of whom attempted to get the cinder out of his eye. The doctor he consulted in Malvern at his foreman's suggestion testified that the eye was burned, and he suggested that he go to the company hospital in Little Rock. We think the evidence sufficient to take the question to the jury.

It is next argued that the court erred in permitting appellee to cross-examine appellant's witness Rowland regarding the throwing of cinders by trains. He testified over objections that he had seen cinders lying on the track and presumed trains put them there. He did not say he had seen trains throwing cinders. We fail to see

how appellant could be prejudiced by such testimony. It was perhaps irrelevant and immaterial, but not prejudicial.

Another assignment argued relates to the refusal of the court to permit appellant to introduce a purported release signed by appellee, showing a settlement. The court instructed the jury in this respect as follows: "There is some allegation in the complaint here and also in the answer about compromise settlement. Now the court holds and instructs you as a matter of law that there has not been sufficient evidence offered here before you to submit any question of settlement or compromise to you. You will try this case on the evidence and on the law, without regard to any compromise settlement being had." There was no objection or exception to this instruction, and appellant's failure in this regard must be held to be a waiver of error, if any, in refusing to permit the release agreement to be introduced.

Instruction No. 1 for appellee was objected to. It provided that, if the jury found that appellee was injured by the operation of a train, a presumption of negligence arose, etc. If he were struck by a cinder in the manner claimed, then he was injured by the operation of a train within the meaning of § 8562, Crawford & Moses' Digest. *Batte v. St. Louis Southwestern R. Co.*, 131 Ark. 568, 199 S. W. 907; *St. Louis-San Francisco R. Co.* v. *Young*, 175 Ark. 487, 299 S. W. 750. In the former case we said: "It was the duty of the defendant company to keep its engines in good repair and see that they were supplied with the best known appliances to prevent the escape of cinders. It was also its duty to see that its engines were properly operated and that such was the case at the time the injury occurred. *Missouri K. & T. Ry. Co.* v. *Orton*, 67 Kans. 848, 73 Pac. 63."

Appellee having been injured by the operation of a train, the burden was then on appellant to show that it was not negligent. This it wholly failed to do, except to show no southbound train passed through Gifford on October 10th, at about 4:30 p. m. See *Missouri Pac. R. R. Co.* v. *McDade*, 186 Ark. 317, 53 S. W. (2d) 595.

Other assignments argued relate to instructions given and refused. We have carefully considered them and find them unobjectionable. The final assignment is that the verdict is excessive, but we feel that counsel for appellant can hardly be serious in urging it.

We find no error, and the judgment is accordingly affirmed.