JOHN MELICHAREK, PLAINTIFF-RESPONDENT, v. HILL
BUS COMPANY, A CORPORATION OF THE STATE OF
NEW JERSEY, DEFENDANT-APPELLANT.

Argued June 4, 1962—Decided June 25, 1962.

*Mr. Harry C. Chashin* argued the cause for plaintiff-respondent (*Messrs. Marcus & Levy,* attorneys).

*Mr. Edward J. O'Mara* argued the cause for defendant-appellant (*Mr. Daniel Gilady,* attorney; *Mr. James Dorment, Jr.,* on the brief).

PER CURIAM. A group of teenagers was standing or playing near the public road over which defendant's bus passed in the ordinary course of travel. As the bus was passing, one of the youngsters threw a stone, which came into it and struck the plaintiff, a passenger, in his right eye. He sought damages from the bus company, alleging negligence in failing to anticipate that the incident might occur. The trial court dismissed the action at the close of plaintiff's proof, holding that no lack of due care on the part of defendant had been shown. On appeal, the Appellate Division reversed, taking the view that a jury question as to defendant's responsibility had been made out within the doctrine of *Harpell v. Public Service Coordinated Transport,* 20 *N. J.* 309 (1956). See 70 *N. J. Super.* 150 (*App. Div.* 1961). We granted certification, 36 *N. J.* 297 (1962).

 Our examination of the record fails to indicate that the proof adduced by the plaintiff was sufficient to create a factual issue as to whether the defendant company knew of the existence of a danger of its passengers' being struck by stones or other objects thrown by children from the public sidewalk or adjacent areas in the vicinity of this accident. We are satisfied also. that the proof was inadequate to establish a jury question as to whether, on this particular occasion, defendant's driver knew or should have been aware that a stone was likely to be thrown at or into his vehicle.

Absence of such knowledge on the part of the driver or the bus company suffices to distinguish the case from *Harpell v. Public Service Coordinated Transport, supra.*

Accordingly, we hold that the trial court was correct and that its order of dismissal should have been sustained in the Appellate Division.

Reversed.

JACOBS, J. (dissenting). The Appellate Division reviewed the evidence and found that it was sufficient to withstand the motion for dismissal at the close of the plaintiff's case. See *Melicharek v. Hill Bus Company,* 70 *N. J. Super.* 150, 152 (1961). The immediate effect of its decision was to call upon the Bus Company to produce its defensive evidence including its records and testimony bearing on the location of the stone-throwing incidents testified to by the plaintiff's witnesses, the extent of any prior notice thereof, and the nature of any precautions taken to safeguard passengers. After completion of the evidence and renewal of the motion for dismissal, the trial judge would be in a truly just position to say whether there was an issue of negligence for the jury and, if there was, to submit all of the evidence to the jury for its factual determination under appropriate legal instructions. The *per curiam* rejects this course and now bars further assertion of the plaintiff's claim for redress from his carrier. It seems to me that this unwisely disposes of the matter in the dark though further light is readily available.

I would affirm the judgment of the Appellate Division and remand the matter for full trial in the Law Division.

*For reversal*—Chief Justice WEINTRAUB, and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For affirmance*—Justice JACOBS—1.