Beverly JACKSON, Plaintiff-Appellant,

v.

BI–STATE TRANSIT SYSTEM, Defendant-Respondent.

No. 37963.

Missouri Court of Appeals, St. Louis District, Division One.

April 19, 1977.

Law Offices of Forriss D. Elliott, Mark S. Fredman, St. Louis, for plaintiff-appellant.

Gene J. Boesch, Boas, Schneider & Walsh, St. Louis, for defendant-respondent.

PER CURIAM.

Plaintiff-appellant, Beverly Jackson, sought damages for injuries sustained while a passenger on a bus of the defendant-respondent, Bi-State Transit System, when an object penetrated a window of one of the defendant's buses and struck her in the face. The trial court sustained a motion to dismiss her third petition and she appeals. For reasons hereinafter stated, we affirm.

In her second amended petition Ms. Jackson alleged that: (1) Bi-State operated a bus at or near St. Louis and University Avenues in the City of St. Louis; (2) she was a passenger on the bus; (3) Bi-State equipped its vehicles, including the one on which she was riding, with "a type of window glass which exposed the plaintiff and other passengers to the risk of bodily injury from missiles and objects being thrown at said buses"; (4) Bi-State had "prior knowledge of repeated incidences [sic] of missiles and objects being thrown at and through its vehicle windows"; (5) on April 9, 1975, while plaintiff was aboard the bus, "an object was caused to enter said bus by shattering a window in said bus . . . striking plaintiff about the face"; (6) although Bi-State had prior knowledge of "repeated" incidents of "objects" and "missiles" being thrown at and through windows, it was careless and negligent in that it "failed to install in said windows a safety glass known to resist the impact of such objects"; and (7) as a result of the negligence, a window was shattered allowing the object to enter the bus and strike her causing severe and permanent injuries to her eye, face, skull and neck.

Plaintiff had on two earlier occasions filed petitions claiming damages for her injuries. On each occasion Bi-State filed a motion to dismiss which was sustained, but the court on each occasion permitted plaintiff to file an amended petition. The second amended petition was dismissed with prejudice.

The precise issue on this appeal, as we perceive it, is a narrow one: when it is alleged that a common carrier has prior knowledge of repeated incidents of objects being "thrown" through the windows of its vehicles,[1] is the carrier under a duty to install a type of safety glass so that an object does not penetrate the window and injure one of the passengers when the object and the force used to propel it are unknown?

■ In the resolution of this issue we are governed by general principles relating to dismissal of a petition for failure to state a claim. These principles have often been stated. See *Laclede Gas Company v. Hampton Speedway Company,* 520 S.W.2d 625, 630 (Mo.App.1975) and *Dix v. Motor Market, Inc.,* 540 S.W.2d 927, 929 (Mo.App. 1976). We are also governed by the general rule that a petition seeking damages for actionable negligence must allege ultimate facts which show (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) failure of the defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure. *Scheibel v. Hillis,* 531 S.W.2d 285, 288 (Mo. banc 1976); *Stevens v. Wetterau Foods, Inc.,* 501 S.W.2d 494, 498 (Mo.App. 1973).

The general principles relating to the law of common carriers, such as Bi-State, have often been repeated and are as old as passenger transportation itself. Generally, the

---

1. In her brief appellant argues that defendant was negligent in not equipping its buses with "unbreakable glass" although her petition stated that defendant was negligent in failing to install a safety glass known to resist the impact of objects. Her whole theory, as we deduce it, is that defendant was negligent in using "the type windows defendant used, not negligence in moving the bus forward after a stranger poised to throw an object has been discovered." She stated that "[t]he exact question of whether a common carrier is negligent in not equipping its buses with a type of glass or plastic that will resist the impact of rocks or other objects has never been presented in an appellate setting in Missouri."

law is strict and stringent as to the duties it imposes upon carriers. In the long history of the law of common carriers, these principles emerge:

1. As to equipment and facilities, a carrier is required to exercise the highest degree of care or the utmost vigilance in providing suitable machinery and appliances in the operation of its vehicles, in the employment of competent employees and ". . . generally as to all acts pertaining in any way to the conduct of its affairs in furtherance of its undertaking as a carrier." *Woas v. St. Louis Transit Co.,* 198 Mo. 664, 96 S.W. 1017, 1019 (1906); *Malone v. St. Louis-San Francisco Ry. Co.,* 202 Mo. App. 489, 213 S.W. 864, 867 (1919). In respect to these matters the rule in this state has always held such carriers to a strict accountability.

2. As to acts or conduct of fellow passengers, the carrier is bound to exercise the "utmost practicable care" or "utmost vigilance"[2] to transport safely its passengers and to protect them while in transit from "insults and violance" at the hands of all on the vehicles including fellow passengers and any violation of this duty which results in injury to a passenger renders the carrier liable in damage. *Lige v. Chicago B. & Q. R. Co.,* 275 Mo. 249, 204 S.W. 508, 511 (1918).

3. As to acts or conduct of third persons outside the control of the carrier who propel or throw missiles or objects at the common carrier, it has been said in Missouri that "[a]

different rule seems to prevail . . . . In [this] case the carrier is only required to exercise ordinary care and vigilance . . . ." *Williams v. East St. Louis & S. Ry. Co.,* supra, 232 S.W. at 760–761 citing *Woas v. St. Louis Transit Co.,* supra.[3] As to these acts or conduct of miscreants who throw missiles or objects at or through windows of vehicles thus endangering the passengers, the principle is that the carrier is under no duty to protect the passenger and is not responsible for a resulting injury unless it has knowledge of the existence of danger or has knowledge of facts and circumstances from which danger may be reasonably anticipated. *Woas v. St. Louis Transit Co.,* supra, 96 S.W. at 1023; *Shepard v. Kansas City Public Service Co.,* 236 Mo.App. 1118, 162 S.W.2d 318, 321 (1942); Annot., 46 A.L.R.2d 1098, 1099 (1956).

With reference to acts or conduct of third persons who propel missiles or objects at the windows of carriers, we believe that the more modern principle and one consistent with modern society is that a common carrier of passengers must exercise the highest degree of care to provide for the safety of fare-paying passengers. The carrier is liable for injury to a passenger caused by a third person over whom it has no control if such injury could have been reasonably anticipated or naturally expected to occur. *Homan v. County of Dade,* 248 So.2d 235, 237 (Fla.App.1971) citing *Florida East Coast Railway Company v. Booth,* 148 So.2d 536 (Fla.App.1963).[4]

---

2. *Williams v. East St. Louis & S. Ry. Co.,* 207 Mo.App. 233, 232 S.W. 759, 760 (1921).

3. The language in *Woas* was, in our opinion, dicta dictated by the facts. The court stated that the evidence showed that the attack was directed toward the motorman for past failures to pick up passengers and not to the passengers.

4. See also the companion case of *General Motors Corporation v. County of Dade,* 272 So.2d 192 (Fla.App.1973); *Harpell v. Public Service Coordinated Transport,* 20 N.J. 309, 120 A.2d 43, 47 (1956)—a jagged piece of concrete and pebble mixture of baseball size thrown by 15-year-old boy; company had knowledge of many similar occurrences; injury not beyond the realm of reasonable prevision; *Melicharek*

*v. Hill Bus Co.,* 70 N.J.Super. 150, 175 A.2d 238 (1961)—rev'd on ground that record failed to create a factual issue as to whether defendant knew of the existence of danger, 37 N.J. 549, 182 A.2d 557, 558 (1962); *Irwin v. Louisville & N. R. Co.,* 161 Ala. 489, 50 So. 62 (1909); *Cf. Tomme v. Pullman Co.,* 207 Ala. 511, 93 So. 462 (1922) where the court overruled certain language in *Irwin. Tomme* designated between the carrier's high degree of care to protect passengers and ordinary care in anticipating violence or assault.

In *Woas* and *Shepard,* supra, the court found that the injury was not to be anticipated. *Woas v. St. Louis Transit Co.,* supra, appears in conflict with *Homan v. County of Dade* and *Harpell v. Public Service Coordinated Transport,* supra. When such acts cannot be antici-

The carrier's legal duty simply means that the carrier must exercise the highest degree of care for the passengers' safety which would under all the circumstances be deemed prudent to obviate a known or anticipated danger.[5]

In short, we hold that a common carrier such as Bi-State is under the duty to exercise the highest degree of care or utmost vigilance to protect its passengers from all dangers which are known or which by the exercise of the highest degree of care ought to be known whether occasioned by its own employees, fellow passengers or by third parties over whom it may have no control when injury could have been reasonably anticipated by the carrier or its employees.

But all these stringent and strict principles of care and imposition of liability are tempered by the fact that a common carrier is not an insurer of the safety of its passengers. While the carrier is bound to exercise the utmost care to safely transport its passengers and to protect them while in transit, that duty does not amount to an absolute guaranty that a passenger will be transported to his destination with absolute safety. The carrier is not an insurer. *Lige v. Chicago, B. & Q. R. Co.,* supra, 204 S.W. at 511; *Malone v. St. Louis-San Francisco Ry. Co.,* supra, 213 S.W. at 867; *Page v. Wabash R. Co.,* 206 S.W.2d 691, 694 (Mo. App.1947). There are certain risks and dangers for which the carrier is not, and should not be, exposed to liability. There are ". . . casualties against which human sagacity cannot provide, nor the utmost prudence prevent." *Irwin v. Louisville & N. R. Co.,* supra, 50 So. at 63. The carrier is not charged with the duty of providing or maintaining its vehicles which will absolutely prevent injury to its passengers nor is it responsible for acts or conduct of third persons which are not reasonably anticipated. To require a carrier to provide or maintain vehicles which will absolutely prevent injury would be impossible. Vehicles of a common carrier would have to be armored tanks. That is too high a duty. We have not as yet reached the point when a carrier is responsible for each and every injury that occurs on one of its vehicles regardless of the cause. We do not as yet have a "no-fault" common carrier law.

In view of these guiding principles, we hold that the second amended petition filed by the plaintiff does not state a claim for relief and the trial court did not err in sustaining the defendant's motion to dismiss the second amended petition. The plaintiff's petition seeks to impose liability upon the defendant by alleging that (1) Bi-State had prior knowledge of "repeated" incidents of missiles and objects being thrown at and through the windows of its vehicles, (2) the vehicle was equipped with a type of glass which exposed the passengers to a risk of bodily injury, (3) Bi-State failed to install a safety glass which could resist the impact of objects, and (4) an object was "caused" to enter the bus and strike the plaintiff.

While plaintiff concludes the argument in her brief by stating that "[a]t the very least there is a duty of reasonable care to protect passengers against the acts of third persons outside the carrier's control if these acts are reasonably foreseeable," there are no allegations of fact that the acts of third persons caused the object to be hurled at the window. Plaintiff paints with too broad a brush. Although it is alleged that defendant had knowledge of previous throwing incidents, it does not logically follow that therefore Bi-State can be held responsible for any object "caused to enter said bus" resulting in plaintiff's injury. The origin of the object caused to enter the bus is unspecified. The force used to propel the object is also unspecified. The object may have been "caused" to enter the window in a number

---

pated the carrier is not liable—*Drew v. Troy Fifth Avenue Bus Co.,* 9 A.D.2d 587, 189 N.Y. S.2d 637 (1959)—peach thrown in July when company had knowledge of snowballs thrown in winter.

5. Normally, this determination is a jury function. *Harpell v. Public Service Coordinated Transport,* supra, 120 A.2d at 47.

of ways—a rock from a tire of a passing truck, a rock hurled by the force of a power lawn mower, an extended limb of a tree, a baseball used in innocent play. Any of these could have been the "object" which was "caused" to enter the window. Plaintiff's second amended petition seeks to impose liability on the ground that since the defendant had knowledge of repeated incidents of objects being thrown it is responsible for any object which is caused to enter the bus regardless of the force or means used to propel it, and that by failing to equip its buses with the type of glass to resist any object it is thereby negligent. Such petition in effect makes the defendant an insurer of the safety of the plaintiff.

The petition alleging failure to install safety glass sufficient to resist the impact of any object caused to penetrate a window and injure a passenger in the context of this petition does not, therefore, in our opinion, state a claim upon which relief can be granted.

In the second amended petition there was no allegation (1) that the defendant had knowledge that the repeated incidents of objects being thrown at defendant's buses occurred in the vicinity where the incident allegedly occurred, (2) that the type of glass used in the bus was of substandard nature or different from that customarily used in the industry or violated any state or federal law or regulation, (3) that described the object which allegedly penetrated the window, (4) that the object was thrown through the window by some person, (5) as to how or in what manner the object was "caused to enter said bus," or (6) indicating the source of the force which hurled the object through the window.[6]

Failure to install a type of window glass in the window of a vehicle sufficient to resist penetration of an object is not negligent; negligence occurs when the carrier has knowledge of or can reasonably anticipate the force, means or conduct which causes an object to be propelled, hurled or thrown so as to penetrate the

window. No such knowledge or anticipation of danger is shown by this petition.

We are reluctant to dismiss a petition for failure to state a claim and foreclose the plaintiff an opportunity to proceed to a hearing. But plaintiff had two opportunities to amend her petition to attempt to state a claim. With these opportunities plaintiff undoubtedly stated all the facts within her power to state. Hence, we hold that the trial court did not err in sustaining the defendant's motion to dismiss.

The judgment is affirmed.

All the Judges concur.

---

**6.** Plaintiff frankly states in her brief that the ". . . force which hurled the object

through the bus window can only be speculated at . . .."