THE STATE v. HENRY BOYER, Appellant.—300 S. W. 826.

Division Two, December 12, 1927.

*Charles H. Richeson* for appellant.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

WALKER, J.—The appellant was charged by information in two counts in the Circuit Court of Washington County, (1) with manufacturing moonshine whiskey, and (2) with operating a still in the manufacture of intoxicating liquor, to-wit, hootch and moonshine whiskey. There was a trial to a jury and, under the instruction of the court that the appellant could be found guilty on one count only, a verdict was returned of not guilty on the first count and guilty on the second count and the punishment fixed at two years' imprisonment in the penitentiary. From this judgment he appeals.

Prior to the filing of the information the prosecuting attorney filed with a justice of the peace of Washington County a verified application for a search warrant which, after hearing testimony on the allegations made in the application, was by the justice issued and directed to the sheriff of said county. The latter; accompanied by deputies acting under said warrant, searched the dwelling of the appellant and found therein a still, a fifty-gallon barrel full of corn mash, and a fifteen-gallon keg about half full of whiskey. The still, whiskey and some of the mash were offered in evidence. The sheriff testified that he had the liquor analyzed and that it tested about fifty-two to fifty-four per cent of alcohol. The sheriff took possession of the liquor, mash and containers. While the search was in progress

the appellant stated to the officers that he had been in the business fourteen years and this was the first time he had been caught.

The appellant filed a motion to quash the search warrant and suppress the testimony which, after hearing evidence thereon, was by the court overruled. After waiving arraignment and entering a plea of not guilty the appellant made formal objection to the introduction of any testimony on the grounds that the information charged no offense and that the appellant's constitutional rights were violated. The objections were by the court overruled.

The relevant portions of the statute (Sec. 25, Laws 1923, p. 244), concerning the issuance of a search warrant are as follows:

"The Attorney-General of the State of Missouri, or the prosecuting attorney of any county, or any prohibition enforcement officer, is hereby empowered to file in the circuit court, criminal court, court of criminal correction, or any other court having criminal jurisdiction, in the county, or before the judge thereof in vacation, or justice of the peace, an application for a search warrant, which application shall be by petition setting forth substantially the facts upon which the same is based, describing the place to be searched and the thing or things to be seized as nearly as may be, which petition shall be verified by the oath of the officer filing the same. If it shall appear to the satisfaction of the court in which said petition is filed, or the judge thereof in vacation, or justice of the peace before whom said petition shall be filed, either from the facts set forth in said petition or from evidence heard thereon, that there is probable cause to believe that intoxicating liquor is being unlawfully manufactured, sold, stored or kept in any building, structure, or at any place described in said petition, within said county or transported, as in this article defined, contrary to the provisions of this act or of any of the provisions of Article 7, Chapter 52, R. S. 1919, or acts amendatory thereof, or that thereat or therein is being used or kept any still, doubler, worm, worm tub, mash, mash tub, fermenting tub, vessel, fixture or equipment, or any part or parts thereof used or fit for use in the unlawful manufacture or production of intoxicating liquor, it shall be the duty of such court or such officer before which or whom said petition was filed, to issue or cause to be issued a search warrant thereon, which search warrant shall substantially recite the facts set forth in said petition."

The application for a search warrant, omitting formal allegations and the prayer, is as follows:

"W. A. Cooper, Prosecuting Attorney within and for the County of Washington, in the State of Missouri, upon his oath respectfully states and shows that in the hereinafter described buildings and structures, and at and upon the hereinafter described premises and place in said county and state, to-wit: A three-room frame dwelling

situated on lots 11 and 12, block No. 29 in the Town of Mineral Point, Washington County, Missouri, belonging to Daniel Boyer, and occupied by one Henry Boyer, in which intoxicating liquor is being unlawfully manufactured, sold, stored and kept; that thereat and therein is also being used and kept a still, worm, worm tub, mash, mash tubs, fermenting tubs, vessels, fixtures and equipment, and parts thereof, used and fit for use in the unlawful manufacture and production of intoxicating liquor.''

The jurat of the prosecuting attorney is as follows:

''W. A. Cooper, Prosecuting Attorney aforesaid, being duly sworn, upon his oath states that the matters and things set forth and alleged in the foregoing petition are true in substance and in fact.''

I. It is contended that the search warrant was issued upon an application insufficient in form in that it stated no such facts as are required by the statute to authorize the action of the justice of the peace. This contention relies for its support upon the assumption  that the empowering averment of the application is a mere 'conclusion and hence requires the allegation of other and further facts than are contained in its terms to authorize judicial action.

The matter first requiring consideration is as to the nature of the allegation made in the application that ''in a certain frame dwelling house belonging to Daniel and occupied by Henry Boyer in which intoxicating liquor is being unlawfully stored and kept there is also being used and kept a still (and other instrumentalities connected therewith, naming them), used and fit for use in the unlawful manufacture and production of intoxicating liquor.'' This allegation properly analyzed cannot be classified as a conclusion of law, but rather as the averment of an ultimate fact, and as such embodying an issuable, constitutive or traversable fact essential to the statement of the cause of action (Musser v. Musser, 281 Mo. 1. c. 664). Faint and often seemingly indistinguishable as is the line of demarcation between conclusions of law and conclusions of fact we find no difficulty in determining that the averment herein belongs to the latter class. The possession of intoxicating liquor or a still for use in the manufacture of the same is an unequivocal statement of a violation of the law. Such an averment, supplemented by testimony taken by the officer before whom the application is made, as is authorized by the statute (Section 25, supra), is ample to sustain a finding of probable cause and as a consequence the legal propriety of the justice in issuing the search warrant. Measured by the rules of good pleading there is no more reason for setting forth the evidence in a petition for a search warrant than in any other action. The purpose of an application for a search warrant is to subject to search any property

which is being used unlawfully in the commission of a crime, provided always that the legal formalities necessary to the valid issuance of the writ have been complied with.

The constitutional provision defining the requisites to the issuance of a search warrant are, in effect, that the place to be searched or the person or thing to be seized must be described as nearly as may be, and that probable cause therefor must be shown, supported by oath or affirmation reduced to writing. [Sec. 11, Art. 2, Const. Mo.] These requisites have been fully complied with in this case. In addition to this compliance with the constitutional requirement, the justice of the peace, under the authority of the statute (Sec. 25, Laws 1923, p. 244), which authorizes him in determining the existence of a probable cause to take testimony in regard thereto, proceeded before issuing the warrant to hear testimony. After so doing he found reasonable and probable cause for the issuance of the warrant and so ordered. If, in addition to the reasons stated, it be necessary to cite precedents to sustain the conclusions reached, we find them in our own rulings. In a well-considered opinion by WHITE, J. (State v. Stevens, 292 S. W. 36), it was insisted by the appellant that the application for a search warrant, which was as general in its terms as that at bar, did not state a cause of action authorizing the issuance of the warrant and that the justice did not take testimony to ascertain if there was probable cause for its issuance. We held, despite the failure of the justice to hear testimony, where the application stated directly that intoxicating liquor was being manufactured, kept and sold and that a still and other instrumentalities for distilling liquor were there kept and used, that this was a compliance with the statute (Sec. 25), which requires that an application for a search warrant shall ''substantially set forth the facts upon which the same is based, describing the place to be searched and the thing or things to be seized as nearly as may be; and the judge or justice before whom the application is filed, if he find . . . either from the facts set forth in the petition or from evidence heard thereon, that there is probable cause to believe, etc., he may issue the warrant. The case at bar may be distinguished from that of the State v. Lock, 302 Mo. 400, 259 S. W. 116, in that the application for the warrant in that case was not direct but was based on information and belief. Here, as in the Stevens case, the application states directly and positively that the liquor was unlawfully kept and the still used in the manufacture of same. We held to a like effect as to a general statement in an application for a search warrant in State v. Halbrook, 311 Mo. 664, 279 S. W. 395. The rule as to this character of pleading is different in the Federal courts under a statute more restrictive than that of Missouri. We likewise held in the Stevens case that where an application for a search warrant stated directly that in-

591

toxicating liquor was at a place named, it was not error to exclude
evidence that the applicant for the warrant had no personal knowl-
edge of the fact. In State v. Hammer, 292 S. W. 60, and in State v.
Richardson, 292 S. W. 61, we held that it was not a condition prece-
dent to the filing of an application for a search warrant for liquor,
that the prosecuting attorney have personal knowledge of the facts
stated in the application. In harmony with these rulings, if an ap-
plication for a search warrant is within the requirements of the Con-
stitution and sufficiently conforms to the statute, when considered
alone or supplemented by testimony, a finding of probable cause may
be made which will authorize the issuance of the warrant.

It was also held in the Stevens case that a finding of probable
cause by a judge issuing a search warrant cannot be impeached by
showing that the evidence on which he relied was not true, but that
the lack of probable cause must appear from the face of the record.
In State v. Marshall, 297 S. W. (Mo.) 63, in which the opinion was
written by WHITE, J., a general allegation like that employed in the
Stevens case and that at bar, supplemented by credible testimony,
taken by the court, was held sufficient to authorize a finding of prob-
able cause and to authorize the issuance of the warrant. Under that
state of facts a trial court will not be held in error in refusing to per-
mit an appellant to offer evidence for the purpose of controverting
the facts set out in the application for the search warrant. We have
so ruled, not once, but a number of times. [State v. Halbrook, supra;
State v. Cobb, 273 S. W. (Mo.) l. c. 738; State v. Gooch, 314 Mo. l.
c. 659; State v. Shelton, 314 Mo. 333.]

II. The validity of the statute (Laws 1923, pp. 236-247) is as-
sailed in that it embodies more than one subject as expressed in its
title in violation of Section 28, Article 4, Constitution of
Missouri. It was held in State v. Tallo, 308 Mo. 584, that
Section 9 of said statute, regulating the sale of soft drinks,
is germane to the general subject of the statute and hence did not
render the latter inimical to the above constitutional provision. Sec-
tions 6 and 7 also have reference to the sale of soft drinks. These
sections, while not expressly designated, must form the burden of ap-
pellant's objection; their purpose being the same as that of Section
9 they may for a like reason to that stated in the Tallo case, be held
to not render the statute invalid as in violation of the Constitution.
In discussing the constitutional validity of the statute we are, as
we have often held, concerned only with the organic law of our own
State.

Other matters urged as error by the appellant have not been pre-
served in a manner to authorize a review. The judgment is affirmed.
*Blair, J.,* concurs; *White, P. J.,* concurs in the result.