Alice SMYTH, Respondent,

v.

CITY OF ST. JOSEPH, a Municipal Corporation, and Land Construction Company, a Corporation, Appellants.

No. 22504.

Kansas City Court of Appeals. Missouri.

Jan. 7, 1956.

————◇————

Francis Pickle, City Counselor, J. B. Steiner, Asst. City Counselor, St. Joseph, for appellant City of St. Joseph.

Culver, Phillip, Kauffman & Smith, by W. J. Sherwood, W. H. Utz, Jr., St. Joseph, for Land Construction Co.

Sprague, Wilcox & Houts, St. Joseph, for respondent.

DEW, Presiding Judge.

The plaintiff sued to recover damages for personal injuries alleged to have been sustained by a fall while walking across a public street in St. Joseph, Missouri at a crosswalk where defendant Land Construction Company had partially resurfaced the street under contract with said city. The verdict and judgment were in plaintiff's favor in the sum of $4,500. Defendants have appealed.

The allegations of the petition pertinent to the points here made are that at and near the intersection of Seventh Street (running north and south) and Felix Street (running east and west), within the limits of St. Joseph, Missouri and in its business district, those streets are heavily traveled public streets; that prior to October 1, 1954, the defendant city had contracted with the defendant Land Construction Company to resurface part of Felix Street, including said intersection; that prior to October 1, 1954, defendant Land Construction Company applied a new surface to approximately one inch and one-third in thickness over the north one-third of Felix Street at the intersection, and that such condition remained for several days prior to and including the above date. It is alleged that on that date, October 1, 1954, plaintiff, in the exercise of ordinary care for her own safety, "while walking in a northerly direction on the westerly north-south crosswalk at the intersection of Seventh and Felix Streets, fell over the raised portion of said street which had been recently resurfaced", thereby causing the injuries described. It is further averred that defendants were careless and negligent in failing properly to protect pedestrians using said crosswalk by barricading the same or warning them of such "dangerous condition".

Defendants, by their answers, admitted the contract referred to. Defendant St. Joseph admitted the directions of the streets, as alleged; that the streets at the intersection were within its limits, located in its business district and were heavily traveled; that prior to October 1, 1954, defendant Land Construction Company had applied a new surface of approximately two inches in thickness on the northerly one-third of Felix Street at or near Seventh Street. Otherwise, both defendants pleaded a general denial and contributory negligence, alleging that plaintiff failed to exercise ordinary care for her own safety, negligently failing to pay attention to where she was going, and knew of the defects of which she complains or, by the exercise of ordinary care could and should have known and observed the same and have avoided the injuries. Both defendants pleaded insufficiency of the petition to state a cause of action against them, respectively. No reply was filed.

According to the plaintiff's testimony, she was 64 years of age and on October 1, 1954, was employed as a nurse at the State Hospital in St. Joseph. On her way home from work on the afternoon of that day she alighted from a friend's automobile and walked northward on the west side of Felix Street. It was a warm day and she was carrying a topcoat and pocketbook on her left arm. She was wearing low, flat uniform shoes. Upon reaching the southwest intersection of Felix Street and Seventh Street, plaintiff stopped at the curb, preparatory to going on northward across Seventh Street to the northwest corner of the intersection. She looked and saw that the green traffic light was burning and that east and west vehicular traffic had stopped at the signal. Many other people were using the crossing at the same time. She looked down as she walked about two-thirds of the way

across the street and then again looked to see if the green light was still on and at that juncture she stubbed her toe on the raised portion of the new street surface and fell. A police officer came and assisted her to her feet and to the northwest corner of the intersection. From there she saw plainly the "rise" in the street at the crosswalk upon which she had stubbed her toe. The plaintiff said she fell on her right side and broke her shoulder. The police called a taxi and she was taken to the hospital, where her injury was found to be an impacted fracture of the head of the right humerus.

There was evidence that in the performance of its contract with the city, defendant Land Construction Company had resurfaced the north one-third of Felix Street at the location in question, since their machinery was adapted to laying such new surface in ten foot strips. The street was 30 feet wide. On the north one-third of Felix Street, the surface had been "primed and broomed" and a binder coat of asphaltic concrete had been laid upon the strip, rolled by a ten ton roller, and then a top coat applied. The completed resurfaced strip on Felix Street at the crossing in question had been laid by September 29, 1954. Because of rain, the company did not work on that job for several days after that date. There were no barricades or other warning placed on the crossway. The depth of the asphaltic concrete so laid was approximately one inch and one-third. The new binder coat laid September 29, was not as grayish in appearance as the remainder of the street surface. Defendants' witnesses said that the rolling beveled the edge of the asphalt concrete.

Plaintiff's witness Dan Hale, sitting in his car parked a short distance north of the intersection on the west side of Seventh Street, saw the plaintiff fall after she had walked three or four steps from the south curb of Felix Street. He, himself, had just walked over the crossing and did not fall, but did see another person stumble over the resurfacing just before the plaintiff fell. He said the condition at the crossing had existed for several days.

■ Defendants' first point is that plaintiff's petition did not state a cause of action against them because "It fails to charge that the defendants created a dangerous and unsafe condition in the crosswalk, and that the crosswalk was not in a reasonably safe condition for travel by those using the same in a proper manner with ordinary care". Having alleged that the defendants laid a new surface on the north one-third of Felix Street at Seventh Street one inch and one-third thick, that both streets were heavily traveled streets in the business district of St. Joseph; that defendants had let that condition remain for several days, and that plaintiff, in the exercise of ordinary care for her own safety, fell over the raised portion of such resurfacing at the crosswalk; that the defendants had negligently failed properly to protect pedestrians using said crosswalk by barricading the same or by warning them of such "dangerous condition", the petition, in effect, sufficiently charges that the defendants created a dangerous and unsafe condition on the crosswalk, and that the same was not in a reasonably safe condition for pedestrian travel. See Glenn v. City of Springfield, Mo., 254 S.W.2d 632.

In Downey v. United Weatherproofing, Inc., 363 Mo. 852, 855, 253 S.W.2d 976, 977, the court said: "In determining if a petition states a claim or cause of action, the averments of the petition are to be given a liberal construction, according the averments their reasonable and fair intendment —fair implication should be indulged from the facts stated". We are of the opinion that the plaintiff's petition states a cause of action against the defendants.

■■ Defendants' second point is that the Court erred in overruling their motion made before any evidence was received, for judgment on the pleadings, since they had pleaded contributory negligence which

plaintiff has not denied by reply. Whether, as plaintiff contends, the anticipatory allegation in her petition that she was in the exercise of ordinary care (which is not essential to a statement of her case, but is an affirmative defense required to be pleaded in defendants' answer) would obviate the necessity of a denial by reply of the plea of contributory negligence in the answer, we need not discuss. We believe the question is and should be answered by a consideration of the statutes on the subject.

Section 509.010 RSMo 1949, V.A.M.S., which sets forth what pleadings there shall be under the Code of Civil Procedure, makes no provision for a reply, except where the answer contains a counterclaim, denominated as such, and except when a reply to an answer, or to a third party answer is ordered by the court. Section 509.400 provides that all defenses or objections for which there is no provision to raise by motion must be raised by a responsive pleading if one is permitted; that when no responsive pleading is required, the case shall be deemed at issue. But if a responsive pleading is required, all defenses or objections not raised therein are waived, except failure to state a claim or defense, and lack of jurisdiction over the subject matter. In speaking of those two sections the Supreme Court said in George F. Robertson Plastering Co. v. Magidson, Mo., 271 S.W.2d 538, 539: "A reply to an answer is not now a required pleading unless ordered by the court".

Section 509.090 and Section 509.100 must be reconciled with the above sections and construed together. Under Section 509.-090 and Section 509.100, if an answer sets forth affirmatively contributory negligence or any other matter constituting an avoidance or affirmative defense, and if the plaintiff desires to defend against such defenses by matters of avoidance or affirmative defenses thereto on his part, he may now and, in fact, must set them forth in a reply. Hill v. Hill, Mo.App., 236 S.W.2d 394, Carr on Missouri Civil Procedure,

Vol. 1, page 320, et seq. If the answer contains a counterclaim or if the court has made an order requiring a reply, and no denial is filed, the averments of the answer stand admitted. If a reply is filed, even though not so required, all affirmative defenses not denied by the reply are deemed admitted. If the answer does not contain a counterclaim, and no reply has been ordered by the court, and none has been filed, the averments of the answer "shall be taken as denied or avoided". Section 509.100; Frank v. Wabash R. Co., Mo., 295 S.W.2d 16, 21.

As to required pleadings under the new Code of Civil Procedure, Judges Hyde and Douglas of the Supreme Court of Missouri, in their treatise on the subject, said: "The required pleadings are the same except a reply is not necessary unless the answer contains a counter-claim and it is so designated as a counter-claim by the pleader. However, the court may expressly order a reply to an answer. Therefore, a reply is properly used when an answer contains new matter to which plaintiff desires to plead other new matter in confession and avoidance". See Carr, Missouri Civil Procedure, Vol. 2, page 538, paragraph 2.

Hence, we find in the present Code of Civil Procedure no statutory provision requiring the filing of a reply for the purpose only of denying the averments of an answer, unless the answer contain a counterclaim, or unless the court has ordered a reply to be filed. In the instant case, there being no counterclaim nor any order of court requiring a reply, the plaintiff's failure to file one leaves the averments of the answer "taken as denied and avoided". We rule that the Court properly overruled the defendants' motion for judgment on the pleadings.

■ Defendants next contend that the Court erred in overruling their motion for a directed verdict "for the reason that the repaved portion of the street over which the plaintiff fell was only to a depth of from one and one-quarter inches to one

and three-eighths inches and did not create an obstruction or dangerous defect in the street". In the interrogatories introduced in evidence by the plaintiff, the defendant Land Construction Company answered that the depth to which the north one-third of Felix Street at Seventh Street was resurfaced was one to one and one-half inches. In the separate answer of defendant St. Joseph it was stated that defendant Land Construction Company applied new surface of approximately two inches at Seventh on Felix Street. Whether, under all the circumstances shown in the evidence, the situation became an obstruction or a dangerous defect in the street was a matter for the jury. Young v. Kansas City Public Service Co., Mo.App., 255 S.W.2d 113, 115, 117, and cases cited.

■ Next, the defendants claim error in the giving of plaintiff's Instruction 4, which told the jury that if they found that by reason of such obstruction in the street, the defendants, in the exercise of ordinary care, should have warned plaintiff of such obstruction, if any, and failed to do so, and that such failure was negligence and caused plaintiff to fall, the verdict should be for the plaintiff and against the defendants. Defendants assert that the case is based on the common law; that defendants' common law duty was only to maintain the crosswalk in a reasonably safe condition; that the question of warning is not the measure of duty in the premises; that, further, the instruction did not designate what kind of warning that should have been provided. The issue of whether the partial resurfacing of the street created a dangerous condition in the crosswalk had been submitted to the jury, and from the verdict it is assumed the jury found that

issue in the affirmative. In Hunt v. St. Louis, 278 Mo. 213, 230, 211 S.W. 673, at page 678, where a contractor with the city had repaired the street and in so doing had created a dangerous condition, the court said: "If its contractor, or any subcontractor, did things to this street or to adjacent streets which rendered travel thereon dangerous or hazardous, it became the duty of the city upon notice of such condition, perforce the rule above mentioned, to either remedy this condition, or to put barriers on this street taking it out of public use, or to give notice to all and sundry of its dangerous condition". We think Instruction 4 was not subject to the objection raised, nor that it was erroneous because it did not describe the kind of warning that should have been given.

■ Defendants' next point is that "The Court erred in giving plaintiff's Instruction 4 for the reason that the instruction is broader in scope than the pleadings and a departure therefrom". This is a mere abstract statement, and in such form presents nothing for our review under 42 V.A.M.S. Rule 1.08, Supreme Court Rules. Ambrose v. M. F. A. Co-operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647.

■ Defendants' last point is that the Court erred in overruling their motion for judgment notwithstanding the verdict for the reason that plaintiff, by her own evidence, was guilty of contributory negligence as a matter of law. Plaintiff is entitled to every favorable intendment of her proof on that issue and we are unable to find that her evidence convicted her of contributory negligence as a matter of law. Judgment affirmed.

All concur.