John EINHAUS, Appellant,

v.

O. AMES CO., a Division of McDonough Co., and Stanley Wilson, Respondent.

No. 37240.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 21, 1976.

Motion for Rehearing or Transfer Denied Feb. 16, 1977.

Application to Transfer Denied April 11, 1977.

Rendlen, Rendlen & Ahrens, Charles E. Rendlen, Jr., Hannibal, for appellant.

Wasinger & Parham, Hannibal, for respondent.

KELLY, Presiding Judge.

John Einhaus, the appellant, prays this court to reverse and remand for trial his claim against Samuel Wilson for personal injuries he allegedly sustained while in the employ of Mr. Wilson following a judgment dismissing Count V of his petition with prejudice entered by the Circuit Court of Lewis County upon his failure to comply with an order of that court directing him to amend Count V of his petition.[1] We reverse and remand.

The issue on appeal is whether the trial court erred in dismissing plaintiff's (as Mr. Einhaus shall hereinafter be identified) petition with prejudice and entering judgment for the defendant (as Mr. Wilson shall hereinafter be identified), and this in turn hinges upon whether the trial court abused its discretion in ordering the plaintiff to further amend his petition as already amended. In order to resolve this question we set out the essentials of plaintiff's petition and ascertain whether, as amended, his petition was subject to a motion to make more definite and certain.

Count V of the petition alleged that plaintiff was employed by the defendant on August 14, 1973 when the defendant was directing and supervising him in his activities and work in the preparation of a roll of barbed wire which was to be used by the defendant in the construction and building of a fence for the defendant; that while so engaged in the course of his employment, and at the direction and under the control of the defendant, he was driving a rod

---

1. The first four Counts of plaintiff's petition are directed against O. Ames Company, a Division of McDonough Co., the manufacturer of the hammer being used by the plaintiff when he sustained his alleged injuries and are not pertinent to the issue on appeal.

through the roll of barbed wire he was using a hammer furnished him by the defendant when the hammer "failed and broke, and a piece or chip from the head or face of said hammer splintered, chipped or. broke off and flew into and struck the eyes, nose and face of Plaintiff, directly and proximately causing" the injuries and damages thereinafter alleged. In Paragraph 6 of Count V plaintiff further alleged that the carelessness and negligence of the defendant as being one or more of the following:

(a) That defendant "carelessly and negligently furnished a defective and unreasonably dangerous hammer" to him,

(b) that defendant "carelessly and negligently furnished and directed the Plaintiff, his employee, to use a hammer which was not adequate, proper or safe for the work and job" defendant directed Plaintiff to perform and which defendant supervised and controlled,

(c) that defendant "carelessly and negligently failed to examine and inspect the hammer which he furnished to Plaintiff, his employee, and which he directed Plaintiff to use,"

(d) that defendant "carelessly and negligently failed to provide Plaintiff, his employee, with safe and adequate tools and equipment with which to perform the work" defendant directed Plaintiff to perform,

(e) that defendant "carelessly and negligently failed to take any precautions or adopt any means or method for the protection of his employee" and "failed to furnish safety glasses or goggles or protective eye and face equipment" to use while Plaintiff was working for and employed by the defendant.

Defendant's motion to make more definite and certain attacked each of these allegations except 6(b) and 6(e). After the trial court sustained defendant's motion the plaintiff filed an "Amendment to Petition" adding the following to paragraph 6 of Count V of his petition:

"(f) That Defendant Stanley Wilson knew, or under the circumstances should have known, that said hammer was defective and inadequate for the purpose of driving a steel rod through a roll of barbed wire, as hereinbefore alleged in Paragraph 4.

(g) That Defendant, Stanley Wilson, by reasonably examining said hammer, could have discovered its defective condition and that it was inadequate for the purpose hereinbefore alleged in Paragraph 4.

(h) That the type of work being done by Plaintiff, as described above in Paragraph 4, was of such a nature that flying chips, fragments or sparks might reasonably result, and that therefore there was a reasonable need for Defendant Stanley Wilson to furnish Plaintiff with safety glasses or goggles."

This amendment by plaintiff brought forth another motion to make more definite and certain whereby the defendant contended that the petition, as amended, was still so indefinite and uncertain and couched in conclusionary terms that he was unable to file responsive pleadings. The reasons alleged by the defendant in support of his motion were that:

(a) 6(a) does not allege how or in what manner the hammer was defective and unreasonably dangerous,

(b) 6(b) does not allege how or in what manner the hammer was inadequate,

(c) 6(d) pleads that defendant failed to provide safe and adequate tools and equipment, but does not set out in what manner the tools furnished were either unsafe or inadequate,

(d) 6(f) pleads in conclusionary terms that the hammer was defective and inadequate for the purpose of driving a steel rod but does not allege how or in what manner the hammer was defective and inadequate, and

(e) 6(g) pleads that defendant could have discovered the hammer was defective and inadequate as to "allow discovery on examination."

It concludes by pleading "[t]hat the matters pleaded against this Defendant are merely

conclusions and not fact and must therefore be disregarded."

This motion was presented and sustained by the trial court and the plaintiff was granted twenty days within which to plead further. When plaintiff did not further amend his petition as ordered, Count V of his petition as to defendant Stanley Wilson was dismissed with prejudice and judgment entered for the defendant.

On appeal the plaintiff contends that the trial court erred (1) in entering judgment for the defendant because his allegations of defendant's negligence are not mere conclusions, as defendant contends, but are allegations of "ultimate fact," (2) because the trial court did not apply general principles of construction of pleadings in ruling on defendant's motion for more definite statement in concluding that his petition was not sufficiently specific for the defendant to file a responsive pleading, and (3) that by sustaining said motion the trial court required him to plead evidentiary matters.

■ Rule 55.27(d) V.A.M.R. provides that a party may move for a more definite statement of any matter contained in a pleading which is not averred with sufficient definiteness or particularly to enable him to properly prepare his responsive pleadings. A motion to make more definite or certain is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed provided a sound discretion was exercised in ruling on the motion. *Kornberg v. Getz Exterminators, Inc.,* 341 S.W.2d 819, 820 (Mo.1961); *Kansas City Stock Yards Co. v. A. Reich & Sons, Inc.,* 250 S.W.2d 692, 699[15] (Mo.1952).

The question then is whether plaintiff's petition averred sufficient facts to apprise the defendant of the negligent acts with which he was charged so that he could prepare a responsive pleading.

■ In disposing of the plaintiff's contentions we must take cognizance of the nature of plaintiff's cause of action, i. e., a claim by an employee for injuries sustained in the course of his employment by reason of the failure of the employer to furnish him with safe and adequate tools and equipment. While the employer is not the insuror of the safety of the employee, the measure of his duty is to exercise ordinary care to provide the employee with reasonably safe tools or appliances with which to perform his services for the employer. *Hill v. Wainwright Industries, Inc.,* 522 S.W.2d 131, 133[1] (Mo.App.1975). Defendant acknowledges this duty in his brief filed in this court.

■ A petition seeking damages for actionable negligence must allege "ultimate facts" which, if proved, show (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) the failure of the defendant to perform that duty, and (3) an injury to the plaintiff directly and proximately resulting from defendant's failure to perform the duty owed to plaintiff. *Scheibel v. Hillis,* 531 S.W.2d 285, 288[1] (Mo.banc 1976). The trial court denied defendant's motion to dismiss, and the thrust of defendant's alternative motion was that he was entitled to have the plaintiff advise him with more particularity and precision (1) in what manner he was careless in furnishing the hammer, (2) in what manner the hammer furnished was defective, and (3) in what manner the hammer furnished was unreasonably dangerous. The defendant argues that the terms "carelessly," "negligently," "defective" and "dangerous" are mere conclusionary terms, and unless plaintiff is required to plead with more definiteness and explanation he is unable to prepare his responsive pleadings and generally prepare for trial.

Neither the plaintiff nor the defendant have cited us any authority whether pleading that a tool is "defective" constitutes the pleading of an "ultimate fact" or a conclusion, nor have they cited any case holding that where that term has been pled, it was held to be subject to a motion to make more definite and certain. Our research has led us to no Missouri case ruling on this point, although two cases—*Gray v. Doe Run Lead Co.,* 331 Mo. 481, 53 S.W.2d 877 (1932) and

*Choate v. City of Springfield et al.,* 74 S.W.2d 869 (Mo.App.1934)—were master-servant suits for injuries sustained in the course of plaintiffs' employment by reason of the employer's failure to furnish them with a safe tool with which to perform their assigned tasks and where plaintiff's petition was held sufficient despite the defendant's contention that it failed to state a cause of action. In *Gray* plaintiff averred that the employer furnished him with a hammer which was not reasonably safe for breaking rock and that the hammer glanced off of a gad (a wedge shaped bar) when a fellow employee struck the gad with the hammer. Plaintiff alleged that the hammer furnished was defective in that its face or striking surface was "worn, rounded and battered." In *Choate,* the employee alleged that he was inexperienced in breaking rock for the construction of a waterway and that his employer, the City of Springfield, directed him to take a "striking hammer" to break rock when the defendant knew, or in the exercise of ordinary care could have known, that it was dangerous to use a "striking hammer" for that purpose because chips, slivers and splinters were liable to fly from the rocks broken in such a manner and to strike the plaintiff and injure him. He further pled that the defendant failed in its duty to furnish him with the proper, necessary and reasonably safe tools and appliances with which to work, and that by furnishing him a "striking hammer" and requiring him to work with it when the proper, usual, customary and safe tool with which to do the work was a "rock hammer" made especially for the breaking of rocks, the defendant employer was negligent. These cases, decided under the Field Code of Civil Procedure governing procedure in civil cases between 1849 and 1943, in this state, while informative, did not rule on the issues presented on this appeal.

 In Missouri a general allegation of negligence predicated on an act of the defendant causing plaintiff's injury is sufficient as against an objection that no cause of action is stated, and it is not necessary to state specific facts showing the negligence in order to state a cause of action. A plaintiff must, however, allege facts sufficient to inform the defendant of the breach of duty with which he is charged, and, if the facts are within the plaintiff's knowledge, he should be required to state them with reasonable particularity. Negligence, however, is an ultimate fact which may be pleaded as such, and not a conclusion. *Maybach v. Falstaff Brewing Corporation,* 359 Mo. 446, 222 S.W.2d 87, 92[11] (1949).

The line between "ultimate fact" and "conclusion of fact or of law" is not easily drawn, and some allegations may in one context be deemed to be one of ultimate fact while in another, where from a pragmatic viewpoint some of the words do not give sufficient information to an opponent of the character of the evidence to be introduced or of the issues to be tried, allegations may be deemed to be conclusions of a fact or of law. *Van Dekerhov v. City of Herrin,* 51 Ill.2d 374, 282 N.E.2d 723, 725[2] (1972). For the edification of those interested in the cases making these distinctions and the quagmire they have created as a result of their varied holdings we would refer them to the cases digested under the topic Pleading, ⊜8 of the West Digest System and the following Missouri decisions: *State v. Boyer,* 318 Mo. 585, 300 S.W. 826 (1927); *State v. Bruce,* 334 Mo. 1107, 70 S.W.2d 854 (banc 1934); *Goodson v. City of Ferguson,* 339 S.W.2d 841 (Mo.1960); *State ex rel. City of Creve Coeur v. St. Louis County,* 369 S.W.2d 184 (Mo.1963); *Smith v. Consolidated School Dist. No. 2,* 408 S.W.2d 50 (Mo.banc 1966); *State ex rel. State Tax Commission v. Briscoe,* 451 S.W.2d 1 (Mo. banc 1970); and *State ex rel. Aimonette v. C. & R. Heating and Service Company et al.,* 475 S.W.2d 409 (Mo.App.1971); *Niemczyk v. Burleson,* 538 S.W.2d 737 (Mo.App. 1976). See also Cook, "Facts" and "Statements of Fact," 4 Univ. of Chicago L.R., p. 233 et seq. (1936–37).

As we conceive the grounds of defendant's motion and the trial court's ruling, to comply, the plaintiff must allege the nature

of the defects in the hammer because that is the only tool referred to in plaintiff's petition. Goggles are not tools, nor has defendant sought to have plaintiff plead more specifically with respect to the allegations relative to the failure of the defendant to furnish goggles. The issue then is whether the trial court abused its discretion in ordering the plaintiff to plead more specifically the nature of the defect in the hammer.

"A question often arises as to the necessity and sufficiency of allegations of particular defects in a machine in an action for injuries caused by the dangerous condition of the machine, although no hard and fast rule can be laid down as a measure of the degree of particularity with which a pleader is required to describe the character of such defects; each case turns on its own peculiar facts." 61 Am.Jur.2d Pleading, § 101. The annotator in 129 A.L.R. 1274, *Necessity and sufficiency, in complaint or declaration in action for injury or damage due to dangerous condition of automobile or other machine, of allegations as to particular defects,* has this to say:

"An examination of the cases dealing with the question under annotation appears to justify the conclusion that no hard and fast rule can be laid down as a measure of the degree of particularity with which a pleader is required to describe the character of defects in an automobile or other machine which he claims were the cause of injury for which he sues, but rather that the question in each case turns upon its peculiar facts. In some cases possession or control of the machine alleged to be defective has been deemed important in deciding whether or not a plaintiff should be compelled to make a specific declaration of the nature of the defective condition upon which he relies in seeking recovery."

■ Although since *Williams v. Pryor,* 272 Mo. 613, 200 S.W. 53, 56[7] (1917), revs'd on other grounds, 254 U.S. 43, 41 S.Ct. 36, 65 L.Ed. 120, this state has not followed the "simple tool doctrine," [2] i. e. that it is not negligence for a master to furnish a tool which is not reasonably safe to be used in the work, if such is of simple mechanism and not a complicated one. The courts of Missouri have recognized that in the last analysis the simple tool doctrine is nothing more than the affirmative defense of contributory negligence. A hammer is recognized in this state to be a "simple tool." *Nolen v. Halpin-Dwyer Const. Co.,* 225 Mo. App. 224, 29 S.W.2d 215 (1930). The court in *Williams* also said, l. c. 56: "It is negligence for a master to furnish a tool which is not reasonably safe to be used on the work, and we care not what the character of the tool, in so far as the negligence of the master is concerned, because the contract of hiring called for a reasonably safe place wherein to work, and reasonably safe tools with which to work."

■ From the foregoing we conclude that the trial court abused its discretion in sustaining defendant's motion for more definite statement and dismissing plaintiff's petition upon his refusal to plead further. It is appropriate for us to consider plaintiff's petition in its entirety in ruling this issue, and in doing so we glean that he alleged that the hammer furnished him for the purpose of driving a rod through a roll of barbed wire "failed and broke, and a piece or chip from the head or face of said hammer splintered, chipped or broke off and flew into and struck the eyes, nose and face of plaintiff directly and proximately causing" the injuries for which he seeks monetary damages. Defendant owed plaintiff a duty to furnish him with a hammer suitable and adequate to drive the rod through the roll of barbed wire; this plaintiff alleges he did not do because the hammer splintered, chipped or broke off when he hit the rod with the hammer. This is the negligence plaintiff pleads. If there were defects which were observable to the plaintiff or of such a nature that by using the hammer in some way he subjected himself to a danger so glaring and obvious that a reasonably prudent person would not have

---

2. See Annotation: Hammer a simple tool within simple tool doctrine, 81 A.L.R.2d 965.

done so, then plaintiff was guilty of contributory negligence under the simple tool doctrine in Missouri. *Nolen v. Halpin-Dwyer Const. Co.,* supra, l. c. 218[3]. Contributory negligence in Missouri is an affirmative defense which must be pled by the defendant, *Terry v. Boss Hotels, Inc.,* 376 S.W.2d 239, 250[23] (Mo.1964), and plaintiff is under no duty to aver his freedom from contributory negligence. *Smyth v. City of St. Joseph,* 297 S.W.2d 578, 581[2] (Mo.App.1956). To require plaintiff to plead further would be to require him to plead evidence, and under our procedure plaintiff may not be required to plead the facts and circumstances by which the "ultimate facts" will be established. *Scheibel v. Hillis,* supra, l. c. 290[14].

The judgment of the trial court is reversed and the cause remanded with directions to the trial court to set aside its judgment for the defendant and its order sustaining defendant's motion to make more definite and certain plaintiff's petition as amended and to enter its order denying defendant's motion to make more definite and certain.

SIMEONE and GUNN, JJ., concur.