**Robert L. WAKUP and Jacklyn Wakup,
Plaintiffs-Appellants,**

v.

**Brice BROWN and Mable Brown,
Defendants-Respondents.**

No. 12612.

Missouri Court of Appeals,
Southern District,
Division One.

July 16, 1982.

Gene Gulinson, Bonnie Keaton, Gene Gulinson Law Offices, Salem, for plaintiffs-appellants.

William E. Gladden, Houston, for defendants-respondents.

PREWITT, Judge.

Plaintiffs appeal from a dismissal of both counts of their third amended petition for failure to state a claim upon which relief can be granted. Rule 55.27(a)(6).

In reviewing this dismissal, we are required to construe the petition most favorably to the plaintiffs. *Brolinson v. Brolinson*, 564 S.W.2d 911, 913 (Mo.App.1978). If the facts pleaded, and the reasonable inferences to be drawn therefrom looked at most favorably from the plaintiffs' perspective show any grounds upon which relief may be granted, the petition should not have been dismissed. Id. See also *Watson v. Franklin Finance*, 540 S.W.2d 186, 188 (Mo.App.1976).

Count one of the petition sets forth the claim of plaintiff Robert L. Wakup (Robert).* Plaintiff Jacklyn Wakup, Robert's wife, sought damages in count two for loss of consortium, due to his injuries. Her count incorporates his and is dependent upon it.

Plaintiffs' petition is based on the theory that Robert was a "business invitee" and defendants owed a duty to remove or warn him of any dangerous condition. In order to state a cause of action on this theory it is necessary that plaintiffs plead that defendants knew, or should have known of the condition, and did not warn Robert and that he did not know of the

---

* The liability portions of that count state:

"2. That during the month of March, 1979, in Texas County, Missouri Defendants hired Plaintiff Robert L. Wakup to perform certain labor at Defendant's said home, to-wit: work on the gables of the house, do soffet work, and place siding on the house, all of which work Plaintiff Robert L. Wakup undertook to perform during the months of March and April, 1979.

3. On those occasions when Plaintiff Robert L. Wakup was on the premises of the Defendant to perform said labor Plaintiff was a business invitee and Defendants owed to Plaintiff Robert L. Wakup the duty to use ordinary care to remove or warn said Plaintiff of natural or artificial conditions on said premises which were not reasonably safe for said Plaintiff Robert L. Wakup and of which Plaintiff Robert L. Wakup did not know and by using ordinary care could not have known.

4. Due to the fact that the said work on the gables of said house of Defendants had to be done at an elevated level of 6–8 feet above ground it was necessary for Plaintiff Robert L. Wakup to construct a scaffold to stand on to do said work, all of which was known to the Defendants.

5. Thereafter, on April 14 and April 15, 1979, Plaintiff Robert L. Wakup entered upon the said premises of the Defendants to perform said labor on which dates there was a 2″ × 12″ board approximately 13 feet long on said premises and located in front of the home of Defendants adjacent to siding furnished by Defendants and being used by Plaintiff, Robert L. Wakup, on the gables of the Defendants' house.

6. That Plaintiff Robert L. Wakup used the 2″ × 12″ board approximately 13 feet long as a scaffold board to stand on while performing labor for Defendants.

7. That the said 2″ × 12″ board approximately 13 feet long would not sustain the weight of Plaintiff Robert L. Wakup when used as a scaffold board and as a result said board was not reasonably safe for Plaintiff Robert L. Wakup, all of which Defendants knew or could have known by using ordinary care.

8. That Plaintiff Robert L. Wakup did not know and by using ordinary care could not have known that said 13 foot board would not sustain his weight when used as a scaffold board.

9. That while Plaintiff Robert L. Wakup was standing on said 13 foot board at the premises of Defendants on April 15, 1979, working on the gables of the said house of said Defendants said board broke and Plaintiff Robert L. Wakup was injured.

10. Plaintiff Robert L. Wakup's injuries and damages hereinafter described were the direct and proximate result of the negligence and carelessness of Defendants in the following particulars:

a) Defendants knew or by the exercise of ordinary care could have known that said 2″ × 12″ board approximately 13 feet long located in front of the home of Defendants adjacent to siding furnished by Defendants and being sued [sic] by Plaintiff Robert L. Wakup in his repairs to the Defendants' house might reasonably be used by Plaintiff Robert L. Wakup in constructing a scaffold, and

b) Defendants knew or by the exercise of ordinary care could have known that said 2″ × 12″ board approximately 13 feet long would not sustain the weight of Plaintiff, Robert L. Wakup, when used as a scaffold board, and as a result said board was not reasonably safe for Plaintiff, Robert L. Wakup, and

c) Defendants failed to use ordinary care to remove said board from the vicinity of the front of the home of Defendants where Plaintiff, Robert L. Wakup, was working or to warn Plaintiff, Robert L. Wakup that the said 2″ × 12″ board approximately 13 feet long would not sustain the weight of Plaintiff Robert L. Wakup when used as a scaffold board and as a result said board was not reasonably safe for Plaintiff Robert L. Wakup."

condition and by using ordinary care could not have known of it. *Hokanson v. Joplin Rendering Company, Inc.,* 509 S.W.2d 107, 110 (Mo.1974); *Davis v. Jackson,* 604 S.W.2d 610, 612 (Mo.App.1980). See also, MAI 3d ed. 22.03; 2 Restatement of Torts 2d § 343.

■ Missouri practice requires that a pleading plead "the facts showing that the pleader is entitled to relief". Rule 55.05. Pleadings must state facts, not conclusions. *Bergel v. Kassebaum,* 577 S.W.2d 863, 867 (Mo.App.1978). See also *Niemczyk v. Burleson,* 538 S.W.2d 737, 742 (Mo.App. 1976).

■ The unused board was not a dangerous condition. If it created a dangerous condition, it was due to Robert using it in a scaffold. The petition states that the board was not reasonably safe for Robert to use and defendants knew or could have known of this by using ordinary care. No facts showing why the board was unsafe are alleged. It is not possible to tell from the petition if the board had a hidden defect or was not of sufficient size. No facts are given showing how defendants knew or should have known that the board would not support Robert. With an object as simple as a board, if there is a factual basis for these statements, there should be no difficulty in stating forth those facts. We believe that the petition failed to allege facts showing that a dangerous condition existed, and defendants knew, or should have known of it, but that Robert did not know of it and by using ordinary care could not have known of it.

The judgment is affirmed.

GREENE, C. J., and TITUS, J., concur.

FLANIGAN, P. J., disqualified.