**Thomas W. INGLE and Janette Ingle, Plaintiffs–Appellants,**

v.

**Bill CASE and Ann Harmon, Defendants–Respondents.**

No. 15968.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 25, 1989.

Karenanne Miller, Hoke & Miller, Springfield, for plaintiffs-appellants.

M. Douglas Harpool, Craig A. Smith, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, for defendants-respondents.

MAUS, Judge.

By their first amended petition in two counts, plaintiffs Thomas W. Ingle and Janette Ingle seek to recover for the wrongful death of their fourth grade son who was killed by a truck when he was crossing U.S. Highway 65 to board a school bus. The defendant in the first count is Bill Case, the school bus barn operator. The defendant in the second count is Ann Harmon, driver of the school bus the decedent was going to board. The trial court sustained a motion to dismiss as to each defendant. The plaintiffs appeal.

The allegations of Count I relevant to the negligence of the defendant school bus barn operator are as follows:

"8. That Defendant Bill Case owed to each student a duty to exercise ordinary care in establishing bus stops for the pick up and delivery of children attending schools in School District Number One Dallas County, and in establishing procedures whereby children required to cross highways could do so under the supervision, guidance and protection of the bus operator.

9. That Defendant Bill Case, acting in his individual capacity in exercise of his ministerial duties as bus barn operator, breached his duty to Plaintiffs and deceased in that he negligently failed to exercise ordinary care and negligently failed to select a safe bus stop location for the deceased to board his designated bus, and failed to establish any procedures whereby he could cross U.S. Highway 65 under the supervision and protection of the bus operator, or in any other safe manner.

10. That Defendant Bill Case, in total disregard and in defiance of the rules, regulations and statutes pertaining to the transportation of children to and from the public school system, failed to exercise those safety precautions which would have prevented the death and losses complained of herein."

The allegations of Count II relevant to the negligence of the defendant school bus driver are as follows:

"2. That Defendant Ann Harmon owed to each student a duty to exercise ordinary care in the pick up and delivery of children attending School District Number One of Dallas County, and to exercise ordinary care in establishing methods and procedures which would assist children required to cross highways so that they could do so under the supervision, guidance, and protection of Defendant as bus operator, or in a safe manner.

3. That Defendant Ann Harmon acting in her individual capacity in exercise of her ministerial duties as bus driver

breached her duty to Plaintiffs and deceased in that she negligently failed to exercise ordinary care in the establishment of procedures and in the assistance of the deceased to board his designated bus at a safe location and in a safe manner under her supervision and protection, or in a safe manner.

4. That Defendant Ann Harmon, in total disregard and in defiance of rules, regulations and statutes pertaining to the transportation of children to and from the public school system, failed to exercise those safety precautions which would have prevented the death and losses complained of herein."

The defendants filed a motion to dismiss for the following reasons. The petition failed to state a cause of action against either defendant. The plaintiffs are barred from recovering from either defendant by the doctrine of "official immunity." The allegations of the petition establish the death of the child was the result of an intervening cause. The defendants had no authority to make the decisions or take the actions alleged in the petition.

The trial court sustained the motion to dismiss. It did not specify the grounds for that dismissal. "However, where a trial court sustains generally a motion to dismiss and there is any meritorious ground alleged in the motion to justify its sustention, the ruling must be affirmed." *Spearman v. University City Public School Dist.,* 617 S.W.2d 68, 72 (Mo. banc 1981). Also see *Kaplan v. Centerre Trust Company of St. Louis,* 740 S.W.2d 711 (Mo. App.1987).

As stated, defendants' motion to dismiss first alleges the first amended petition fails to state a cause of action against either defendant. They argue that the petition states conclusions of negligence and does not support those conclusions by allegations of fact as required by Rule 55.05. The sufficiency of the first amended petition to withstand that attack is to be measured by the following standards.

"To invoke the jurisdiction of a court to grant relief the claimant's petition must contain facts showing he is entitled to such relief. Rule 55.05. In assessing the sufficiency of a petition, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded those reasonable inferences fairly deducible from the facts stated.... Mere conclusions of the pleader *not supported by factual allegations* are disregarded in determining whether a petition states a claim on which relief can be granted." *Commercial Bank of St. Louis Co. v. James,* 658 S.W.2d 17, 21–22 (Mo. banc 1983). (Emphasis added.)

"A petition seeking damages for actionable negligence must allege ultimate facts, which, if proven, show (1) existence of a duty on the part of the defendant to protect plaintiff from injury, (2) failure of the defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure.... If the allegations in plaintiffs' petition, taken as true, do not satisfy the elements of actionable negligence, the trial court should dismiss the petition for failure to state a claim." *Nappier v. Kincade,* 666 S.W.2d 858, 860 (Mo.App.1984).

"Ultimate facts are nothing more than issuable, constitutive, or traversable facts essential to the statement of the cause of action; if these had been pleaded, the petition would have been free from the designated defects.... It is scarcely necessary to add that it is axiomatic that legal conclusions cannot be pleaded as ultimate facts." *Musser v. Musser,* 281 Mo. 649, 664, 221 S.W. 46, 50 (1920). (Citations omitted.)

That definition of "ultimate facts" is not easy of application. A more practical analysis has been stated in the following terms.

"The line between 'ultimate fact' and 'conclusion of fact or of law' is not easily drawn, and some allegations may in one context be deemed to be one of ultimate fact while in another, where from a pragmatic viewpoint some of the words do not give sufficient information to an opponent of the character of the evidence to be introduced or of the issues to be

tried, allegations may be deemed to be conclusions of a fact or of law...."

*Einhaus v. O. Ames Co.*, 547 S.W.2d 821, 825 (Mo.App.1976).

The cases establish apparent and actual exceptions to the requirement that a petition, asserting a cause of action based on negligence, must allege ultimate facts to support a general charge of negligence. An apparent exception has been stated:

"In Missouri a general allegation of negligence predicated on an act of the defendant causing plaintiff's injury is sufficient as against an objection that no cause of action is stated, and it is not necessary to state specific facts showing the negligence in order to state a cause of action...."

*Id.* at 825. Nonetheless, that statement is qualified by the following requirement. "A plaintiff must, however, allege facts sufficient to inform the defendant of the breach of duty with which he is charged, and, if the facts are within the plaintiff's knowledge, he should be required to state them with reasonable particularity...." *Id.*

■ Of course, a general charge of negligence is sufficient where the petition pleads a cause of action under the res ipsa loquitur doctrine. *Sirna v. APC Bldg. Corp.*, 730 S.W.2d 561 (Mo.App.1987); *Warriner v. Holmeswood Baptist Church of Kansas City, Mo.*, 548 S.W.2d 259 (Mo.App.1977). The same is true where a petition alleges the facts constituting negligence are peculiarly within the knowledge of the defendant. *Plato Reorg. Sch. D. No. R–5 v. Intercounty Elec. Coop. Assoc.*, 425 S.W.2d 914 (Mo.1968). Further, "[t]here are some fact situations in which the act which results in injury or damage is so simple that the mere statement of the ultimate facts is nearly as specific an averment as can be expressed in words...." *Chiodini v. Terminal Railroad Ass'n of St. Louis*, 287 S.W.2d 357, 361 (Mo.App. 1956). The latter doctrine establishes the sufficiency of a general charge of negligence supported by factual allegations such as a "rear end" collision. None of the exceptions are applicable in this case.

The requirement of pleading "ultimate facts", as distinguished from conclusions, can best be understood by a review of cases applying that rule. The following are examples. In *Bennett v. Mallinckrodt, Inc.*, 698 S.W.2d 854, 865 (Mo.App. 1985), "[t]he narrow issue here is whether plaintiffs' allegations of 'various health and physical' illnesses or 'injury' generally are ultimate facts or conclusions." The court found those allegations sufficiently informed the defendant and were allegations of ultimate facts. A petition alleging the defendant was negligent and failed to exercise ordinary care in supplying a board for a scaffold that broke is insufficient. *Wakup v. Brown*, 637 S.W.2d 335 (Mo.App. 1982). In so holding, the court observed "[t]he petition states that the board was not reasonably safe for Robert to use and defendants knew or could have known of this by using ordinary care. No facts showing why the board was unsafe are alleged...." *Id.* at 337. A petition alleging the State Highway Commission in "bad faith" failed to condemn the plaintiff's leasehold does not state a cause of action. *Western Robidoux P. & L. Co. v. Missouri State Hwy. Com'n*, 498 S.W.2d 745 (Mo. 1973). "Bare allegations of 'bad faith' are conclusions which are not to be considered in determining whether a plaintiff has stated a cause of action." *Id.* at 749. A petition alleging a common carrier negligently failed to install safety glass in its buses when it had knowledge of objects being thrown through the windows, does not state a cause of action. *Jackson v. Bi-State Transit System*, 550 S.W.2d 228 (Mo.App.1977). "Such petition in effect makes the defendant an insurer of the safety of the plaintiff." *Id.* at 233. When such conclusory allegations are not supported by allegations of fact the following terms do not aid a petition in stating a cause of action: "wrongful act"—*Bergel v. Kassebaum*, 577 S.W.2d 863 (Mo.App.1978); "malicious"—*Pillow v. General American Life Ins. Co.*, 564 S.W.2d 276 (Mo.App.1978); "negligently"—*Nappier v. Kincade, supra;* "negligent"—*Meadows v. Friedman R.R. Salvage Warehouse*, 655 S.W.2d 718 (Mo.App.1983); "willful and malicious"—

*Pretsky v. Southwestern Bell Tele. Co.,* 396 S.W.2d 566 (Mo.1965).

The first amended petition in this cause in essence alleges defendant Case "negligently failed to exercise ordinary care and negligently failed" to select a safe bus stop and to establish procedures for safe boarding of the bus. It alleges defendant Harmon "negligently failed to exercise ordinary care" in the establishment of procedures for the safe boarding of the bus. Those allegations may be compared to an allegation a defendant negligently failed to exercise the highest degree of care in driving an automobile and hit the plaintiff. The allegations of negligent failure to select a safe bus stop and establish safe procedures are allegations of conclusions of the safety of the stop and procedures. They are conclusory characterizations of the defendant's failure to conform to the standard of ordinary care. The first amended petition does not allege one fact to support the conclusion the bus stop was not safe or that unsafe procedures were adopted.

The plaintiffs are not aided by the conclusory allegation the defendants acted in disregard of the statutes, regulations and rules. The transportation of school children is governed by statute. §§ 304.-050; 304.060. School bus routes and the operation of school buses are subject to numerous regulations. 5 C.S.R. 30–261 (1988). Such transportation may have been subject to properly adopted rules. But, the first amended petition does not allege *any fact* to establish either defendant did not act in full compliance with the statutes, regulations and rules. Such a general conclusory allegation of a violation does not state a cause of action. "Merely asserting that some provision of the constitution has been violated, without alleging any supporting facts, is the assertion of a legal conclusion and does not constitute a satisfactory statement of facts." *State ex rel. Chicago, Rock Island and Pacific Railroad Co. v. Public Service Commission,* 429 S.W.2d 723, 726 (Mo.1968). "Although it is not necessary to plead a statute by number, it is necessary to plead the facts which bring the case within its purview." *Village of Claycomo v. City of Kansas City,* 635 S.W.2d 365, 367 (Mo.App.1982).

"Essential to any proper pleading is the requirement that the plaintiff 'allege facts sufficient to inform the defendant of the breach of duty with which he is charged.' ...'" *Smith v. St. Louis County Softball Assoc.,* 623 S.W.2d 38, 39 (Mo.App.1981). In the first amended petition the words "negligently and failed to exercise ordinary care" are not "accompanied by a description of the conduct complained of, 'with sufficient certainty to advise the defendant of the charge he is to meet,' ...'" *Niemczyk v. Burleson,* 538 S.W.2d 737, 743 (Mo. App.1976).

Under Rule 55.05, plaintiffs' petition does not state a cause of action against either defendant. The first ground alleged in the defendants' motion justifies the court having sustained defendants' motion to dismiss. It is not necessary to consider the remaining grounds. The judgment of the trial court is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.