**Epps HILL, Jr., Plaintiff-Appellant,**

**v.**

**WAINWRIGHT INDUSTRIES, INC., Defendant-Respondent.**

**No. 35856.**

Missouri Court of Appeals, St. Louis District, Division One.

March 18, 1975.

Motion for Rehearing or Transfer to Court En Banc or Transfer Denied April 14, 1975.

Tamar Realty Company, supra, 491 S.W.2d at 568.

Joseph Langworthy, Pacific, for plaintiff-appellant.

Roberts, Heneghan & Coffelt, Inc., James J. Virtel, St. Louis, for defendant-respondent.

WEIER, Presiding Judge.

Following an award denying workmen's compensation in part for the reason that claimant's condition was not causally related to an accident or occupational disease, plaintiff filed suit for damages allegedly caused by the failure of his employer to furnish him with safe and sufficient tools and with a safe place to work. At the close of plaintiff's case the court sustained a motion for directed verdict. From this judgment plaintiff appeals. We affirm.

We review the essential facts. Plaintiff, 36 years of age at the time of trial, had been employed by defendant Wainwright Industries, Inc. for eighteen years and normally worked as maintenance mechanic. In May of 1966 he was requested by Mr. Nelson Wainwright, President of defendant company, to construct two wooden die racks. Each rack consisted of four shelves, two feet wide by sixteen feet long, supported by vertical frames, four feet high and two feet deep. They were constructed by cutting two-by-four uprights to the proper length, laying them out on a concrete floor, and nailing on one-by-four inch cross members. After sufficient frames were made, they were set in a vertical position and two one-by-twelve inch boards, sixteen feet long, were then laid horizontally on the various cross members to form a shelf. After four shelves were positioned, a back of two four-by-eight foot pieces of plywood was attached and the entire rack then painted. The construction of two of these racks took place over a period of ten days. They were constructed in an empty tool room twenty-four feet by twenty-four feet, where they were to be placed. The tool room had a smooth concrete floor. To construct these racks, plaintiff was given a hand saw, a hammer, a square, and a rule, and he also borrowed a table saw from his foreman, Mr. Seaman. Wainwright had prepared a simple working sketch to indicate how he wanted the tool racks prepared. Plaintiff had one assistant working with him on the racks. No one told him specifically how to do the work.

In going about the construction of the two racks, plaintiff stated that he had to crawl about upon the concrete floor with his knees and frequently used his knees to press the boards down to get them in place in order to nail them in their proper positions. He said that he began to notice pain in his knees and legs on the first day that he worked on the project. His left knee then began to swell. He showed this to his foreman who didn't have anything to say. Mr. Wainwright came by on a daily basis, but plaintiff did not complain to him of any trouble with his knees or legs.

Following the medical testimony indicating the causal connection between the use of plaintiff's knees and subsequent operations and medical care, the trial court sustained defendant's motion for directed verdice on three grounds: (1) plaintiff had not by substantial evidence of probative value proved actionable negligence against the defendant; (2) the evidence did not support any pleaded assignment of alleged, negligence; and (3) the evidence failed to show any breach of duty owed by defendant to the plaintiff. Plaintiff, on appeal, contends that he did make a submissible case and that the court erred when it seized upon the three grounds above described to sustain defendant's motion for a directed verdict.

Generally, it is the duty of an employer to exercise ordinary care to fur-

nish an employee with reasonably safe tools or appliances with which to perform the work, a reasonably safe place to work, and reasonably safe means and methods employed in performing the work. Miller v. F. W. Woolworth Company, 328 S.W.2d 684, 688[1] (Mo. banc 1959). It would seem to be clear from the evidence that there was no breach of either of the first two duties. Certainly plaintiff's injuries were not caused by defective tools, and the only possible complaint with regard to the place he was furnished in which to do the work was that it had a concrete floor. In this respect there is no liability when the conditions of the place furnished to do the work are as obvious to the servant as they are to the master. The basis of such liability is really superior knowledge and the ability to rectify, and the duty to guard against injury from hidden dangers. McTurman v. Bell, 398 S.W.2d 465, 469–470 [8–10] (Mo.App.1965). A review of the evidence does not indicate that there were any hidden dangers or defects in the floor of the room where plaintiff performed his work.

We then turn to the third basis of the liability, that is, the alleged failure of the employer to provide the plaintiff with a safe method of work. In this connection liability may be premised upon a method or practice which is inherently and unreasonably dangerous so that injury could be reasonably anticipated. Hightower v. Edwards, 445 S.W.2d 273, 276[6] (Mo. banc 1969). The evidence here does not indicate that the plaintiff was advised or required to use simple carpenter tools in any manner which was inherently dangerous. Another basis for the imposition of liability under this theory of negligence arises where the employer fails to provide a method of doing the work usually and customarily employed by ordinarily prudent persons in like work under similar circumstances, and the failure of the method to be reasonably safe causes injury to the employee. A "reasonably safe" mode of performance of any work means safe according to the usages

and habits and ordinary risks of the business. Miller v. F. W. Woolworth Company, *supra*, 328 S.W.2d 684, 689[7] (Mo. banc 1959). Just as the evidence here fails to show that the sawing, fitting and nailing of lumber on a concrete floor is inherently dangerous, so, too, there is no proof of a deviation in this work from the normal standard. No evidence indicated that the methods used were not the same as employed by ordinarily prudent persons in like work under similar circumstances, and we doubt that any could be produced.

The trial court did not err in sustaining defendant's motion for a directed verdict. Judgment is affirmed.

DOWD and RENDLEN, JJ., concur.