Marvin O'NEAL, et ux.,
Plaintiffs/Appellants,

v.

Karl STEINHAGE, et al.,
Defendants/Respondents.

No. 71043.

Missouri Court of Appeals,
Eastern District,
Northern Division.

July 29, 1997.

John J. Allen, St. Louis, for plaintiffs/appellants.

Mark S. Wasinger, Hannibal, Gena J. Awerkamp, Quincy, IL, for defendants/respondents.

GERALD M. SMITH, Presiding Judge.

Employee (plaintiff) and his wife appeal from a summary judgment rendered in favor of his employer, and the owner of the land leased by the employer, in an action brought after plaintiff was injured in a fall on the employer's leased premises. We affirm as to the owner of the land and reverse and remand as to the employer.

Plaintiff was a farm laborer. His employer, Karl and Lacretia Steinhage, operated as a partnership and leased land from the Wilfred Magee Trust. On that land was a barn in which employer stored hay. The front of the barn contained a large sliding door. Because of problems with wind and the cattle attempting entry to the barn, the sliding door was latched from the inside. In order to unlatch the door it was necessary to enter from a side door which contained a gate which had to be climbed over or through. Once inside the barn it was then necessary to cross a horse stall, climb a cattle panel to five or six feet above floor level. Upon reaching that height it was then necessary to walk or crawl thirty-five to forty feet over hay bales to the front of the barn and thenslide or climb down from the bales to the floor. At that point the door could be unlatched. When work inside the barn was completed it was necessary to reverse the process to exit the barn.

The cattle panel consisted of three wooden boards paralleling each other with wire between them and with large boards attached at the ends. The large boards were attached at the top to the framework of the barn.

The barn was not lighted, but there were skylights to let in some outside light. Employee had unlatched the door on at least two occasions prior to the date of his fall. At the time of his fall he was returning to the side entrance after having latched the door following removal of hay from the barn. As he was climbing down the cattle panel a portion of it fell forward causing plaintiff to strike the floor with the back of his neck and resulting in the injuries for which he brought suit. At the time of the occurrence there was snow on the skylights reducing the light in the barn.

In their original petition plaintiffs asserted:

4. On that day, the farm equipment in the barn was not in good order and repair or in a safe condition:

(a) A cattle panel was not adequately secured to its post in the barn.

(b) The barn was filled with trash and garbage that prevented the users of the barn from using passageways and forcing him to climb over stacked hay.

In the motion for summary judgment employer alleged that plaintiff had acknowledged in his deposition that employer had the same level of knowledge concerning the condition of the cattle panel as did plaintiff, and that plaintiff was unaware of any defect in the panel prior to the accident. Employer premised his entitlement to summary judgment on the proposition that in view of these acknowledgments employer and employee had equal lack of knowledge of any defect and liability could not be imposed upon employer under those circumstances.

The landlord sought summary judgment on the basis that he exercised no control over the barn, was not responsible for making repairs to the leased property, and had no knowledge of any dangerous condition on the property not discoverable by the tenant.

After the filing of the motion for summary judgment the plaintiffs filed an amended petition. In that the plaintiffs alleged:

4. On that date, the farm and barn were not in good order and repair or in safe condition and the defendant Steinhage did

not provide a safe place to work in the following respects, to-wit:

(a) A cattle panel, which was used as a ladder, was not adequately secured to its post in the barn;

(b) The barn door to gain entry to the barn was locked from the inside. This required the users to enter the barn on the side, climb over a gate which was fastened to the side entryway, then climb over the cattle panel against which was stacked 5 to 8 feet of hay, walk over the haystack, climb down the stack and unlock the door. To resecure the barn after the hay was loaded, the process had to be repeated in reverse. This condition was dangerous and unnecessary as the barn could have been secured from the outside.

(c) There had been no inspection to determine the safety and security of the barn posts and the cattle panel which was used in farm operations.

(d) The hay was stacked in the barn so that the only access to enter the barn was from the side and over the hay in the method described in 4(a).

The first amended petition was filed by consent on the day of the hearing on the motion for summary judgment. The parties agreed that "All motions for summary judgment are taken as directed to the first amended petition."

■■■ The duty of an employer to his employee is set out in considerable depth in *Hightower v. Edwards*, 445 S.W.2d 273 (Mo. banc 1969). We quote from that case at some length:

The parties agree that an employer is not liable to his employee for injuries sustained in the course of his employment unless the employer was negligent, and that such negligence was the direct and proximate cause of the injury. To establish negligence, as such, it must be shown that the employer has breached some duty which he owed the employee. That duty demands the use of all ordinary care: 'To see that the place of work is reasonably safe; to see that suitable instrumentalities are provided; and to see that those instrumentalities are safely used.' . . . (Citation

omitted) . . . As a corollary—the employer is not an insurer of the employee's safety. Nor must he provide appliances which are absolutely safe. *Id.* at [1,2]

This argument [that plaintiff failed to make a submissible case] is based primarily on the ground that the danger . . . was patent and as obvious to plaintiff as to the employer. From this premise, it is asserted that an employee cannot have a cause of action unless 'there (be) some amount of superior knowledge on the part of the employer.' With this broad conclusion we cannot agree, other than as it might pertain to the lack of necessity for a warning by the employer, if the facts show the employee not only knew of the danger but also appreciated the significance of it. The two cases [relied upon by defendant] . . . do not hold that an employer's ignorance of or lack of an effort to ascertain a potential danger (regardless of the employee's knowledge) meet the demands placed on him by the law of master and servant. [One of the cases] did make a similar declaration when the servant's knowledge of the danger exceeded that of the master relating to duties 'depending solely upon the *care* and *manner* with which they were performed, and *not* upon any danger connected with or incident to the place in which they were performed . . .' (Emphasis added by court quoted herein) *Id.* at [3,4].

Appellate review of the grant of summary judgment is essentially *de novo.* *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371 (Mo.banc 1993)[4–6]. We review the record in the light most favorable to the party against whom judgment was entered. *Id.* at [1–3]. The court accords the non-movant the benefit of all reasonable inferences from the record. *Id.* Summary judgment is upheld on appeal if no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *Lawrence v. Bainbridge Apartments,* 919 S.W.2d 566 (Mo.App.1996)[1–3]; *Becker v. Setien,* 904 S.W.2d 338 (Mo.App. 1995)[1].

We are unable to conclude that no dispute of genuine issues of material fact exist as to plaintiffs' cause of action against the employer. Initially we note that the motion for summary judgment was directed solely to the allegations of unsafe place to work in the original petition. No allegations directed to the first amended petition were contained in the motion for summary judgment. There was no statement advanced refuting the allegation in that petition that the route necessary to get from the side entrance to the front entrance was dangerous. Nothing in the motion for summary judgment refuted the petitions's allegation that no inspections to determine the safety and security of the barn posts and the cattle panel had been made. Employer in his deposition admitted that he had not examined the cattle panel or its supporting members to determine whether it was safe to climb upon.

■ We believe a jury could find that the route required to reach the front door was inherently and unreasonably dangerous. A method or practice which is inherently and unreasonably dangerous so that injury could be reasonably anticipated can form a basis for employer liability. *Hill v. Wainwright Industries,* 522 S.W.2d 131 (Mo.App.1975)[6–8].

■ Further, as *Hightower* indicates, an employer does not meet his non-delegable duty to provide a safe place to work by failing to determine whether the premises are safe. His ignorance of the danger is not equivalent to the employee's ignorance of the danger, because it is the employer's duty to use reasonable care to provide a safe place to work. That is not a duty shared by the employee. Employer here required employee as a part of his work to traverse the barn to reach the front door. That included climbing to a height of five or six feet above the floor using the cattle panel as a ladder. A jury could find that employer's failure to determine that the ladder the employee was required to use was safe, was a breach of his duty to provide a safe place to work and safe instrumentalities for such work. The court erred in granting employer's motion for summary judgment.

■ Generally a landlord is not liable for personal injuries sustained by the tenant or

the tenant's invitee. *Newcomb v. St. Louis Office for Mental Retardation & Developmental Disabilities Resources,* 871 S.W.2d 71 (Mo.App.1994)[8,9]. Exceptions to the rule include where the landlord has knowledge of a dangerous condition not discoverable by the tenant and fails to disclose it, where an injury occurs in a common area, and where the landlord is responsible for making repairs and negligently fails to do so. *Id.* The motion for summary judgment of the landlord here refuted all three exceptions and plaintiffs made no challenge to the evidence described in the motion which demonstrated that none of the exceptions applied. The court correctly granted summary judgment to the landlord.

Judgment for the landlord is affirmed, judgment for the employer is reversed and cause remanded.

GRIMM and DOWD, JJ., concur.